# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 03-1868

INDIANA FUNERAL DIRECTORS INSURANCE TRUST,

*Plaintiff-Appellant*,

v.

TRUSTMARK INSURANCE CORPORATION,

*Defendant-Appellee.*

———————

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. IP 97-1248-C(G/Y)—**John Paul Godich**, *Magistrate Judge.*

———————

ARGUED SEPTEMBER 3, 2003—DECIDED OCTOBER 21, 2003

———————

Before RIPPLE, ROVNER, and DIANE P. WOOD, *Circuit Judges.*

ROVNER, *Circuit Judge.* The Indiana Funeral Directors Insurance Trust ("IFIT") is an Indiana trust formed by several small funeral directors to sponsor a self-funded employee welfare benefit plan. After purchasing insurance from other providers, IFIT eventually bought a policy from Trustmark Insurance Corporation ("Trustmark"), which agreed to reimburse IFIT for medical expenses that exceeded a designated "stop loss" amount. IFIT brought this suit against Trustmark in federal district court, claiming

that Trustmark failed to provide indemnification as required by the policy. A magistrate judge, sitting by consent of the parties, 28 U.S.C. § 636(c), entered summary judgment in favor of Trustmark. IFIT appeals and we affirm.

Soon after IFIT formed in 1972, it retained Benefit Actuaries, Inc., to administer its welfare benefit plan. In 1980 Benefit Actuaries purchased "stop loss" health insurance on IFIT's behalf from Trustmark. Under a "stop loss" plan, employers pay for employee medical expenses, and the insurer indemnifies the employer for expenses that exceed a designated dollar amount. *See generally Safeco Life Ins. Co. v. Musser*, 65 F.3d 647, 649 (7th Cir. 1995).

In 1997 four IFIT employees incurred significant medical expenses, all exceeding the $60,000 stop loss figure designated in the policy. Unable to pay these bills in full, IFIT asked Trustmark to indemnify it for the expenses as charged; Trustmark, however, refused, asserting that it only had a contractual obligation to indemnify IFIT for expenses that IFIT had actually paid. IFIT then negotiated lower costs with the medical service providers, and paid the claims. The record is silent, however, as to how much IFIT paid on each claim, which is significant because Trustmark was obligated to indemnify only if IFIT paid more than $60,000 on a claim.

In July 1997, IFIT filed suit against Trustmark and Benefit Actuaries in federal district court seeking damages under Indiana law and declaratory relief under the Employee Retirement Income and Security Act, 29 U.S.C. § 1001, et seq. IFIT alleged that Trustmark owes it approximately $150,000, the cumulative difference between the four employees' medical expenses and the designated stop loss amount. After discovery, the magistrate judge entered summary judgment in favor of Trustmark.

Nearly five months later, IFIT moved for leave to amend its complaint under Fed. R. Civ. P. 15(a), seeking to add ad-

ditional state-law claims. The magistrate judge, however, denied this request and entered partial final judgment under Fed. R. Civ. P. 54(b) as to Trustmark, enabling IFIT to proceed with this appeal. IFIT's claims against Benefit Actuaries are still pending.

On appeal IFIT contends that the magistrate judge erred by granting Trustmark's request for summary judgment. We review this decision *de novo*, viewing the facts and drawing all reasonable inferences in the light most favorable to the nonmoving party. *McCoy v. Harrison*, 341 F.3d 600, 604 (7th Cir. 2003). Summary judgment is proper when there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Scott v. Trump Ind., Inc.*, 337 F.3d 939, 945 (7th Cir. 2003). Judgment as a matter of law is appropriate when a party "fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Indeed, if it is clear that a plaintiff will be unable to satisfy the legal requirement necessary to establish its case, summary judgment is not only appropriate but required. *Id.*

Under Indiana law, insurance contracts are governed by the same rules of construction as other contracts. *USA Life One Ins. v. Nuckolls*, 682 N.E.2d 534, 537-38 (Ind. 1997). The interpretation of a policy is primarily a question of law, even if the policy language is ambiguous. *Id.* The insured is required to prove that its claims fall within the coverage provision of its policy, but the insurance provider bears the burden of proving specific exclusions or limitations to policy coverage. *See Erie Ins. Group v. Sear Corp.*, 102 F.3d 889, 892 (7th Cir. 1996) (applying Indiana law).

IFIT argues that Trustmark was required to reimburse it for the face value of the medical expenses, to the extent

the $60,000 attachment point was exceeded. Under the terms of the policy, Trustmark was obligated to cover bills that were *actually paid* in excess of the attachment point. But IFIT submitted no evidence that it paid claims that exceeded $60,000; indeed, it submitted no evidence that it made any payments at all. At oral argument, IFIT's counsel stated that two of the four employees' costs exceeded $60,000 even after the claims were negotiated downward, but also acknowledged that there is no evidence of these payments in the record. This failure of proof is fatal. *See Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (to survive summary judgment, plaintiff must submit evidence to support its position).

IFIT also argues that the magistrate judge should not have entered summary judgment because it was insolvent. The policy provides:

> Insolvency or bankruptcy of the Contract Holder. Insolvency or bankruptcy of the Contract Holder shall not release the Company from the payment of benefits for loss incurred prior to the date of termination, to the extent such benefits would be payable in the absence of such insolvency or bankruptcy, provided claim for such benefit is submitted in accordance with the Section 21 of this Contract.

(App. at 005.)

The parties do not agree on the meaning of this provision. IFIT argues that Trustmark is obligated to pay in the event of IFIT's insolvency, without regard to whether the claims were actually paid by IFIT. Trustmark on the other hand contends that it must pay only if IFIT has actually made payments in excess of the attachment point. But we need not resolve this dispute. The magistrate judge correctly entered summary judgment in favor of Trustmark because IFIT supplied no evidence that it was insolvent. Indeed, IFIT *paid* the claims; it did not act as if it were insolvent.

Without any evidence of its feeble financial status, IFIT's reliance on the policy's insolvency provision to recover under the policy is doomed under either interpretation; summary judgment in favor of Trustmark was appropriate.

Finally, IFIT argues that the magistrate judge erred by denying its request for leave to amend its complaint, a decision we review for abuse of discretion. *See Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002). IFIT sought to add state-law claims for civil conspiracy and breach of good faith, but the magistrate judge concluded that doing so would be futile because these new claims were not actionable under Indiana law. Under Rule 15, courts may deny an amendment for undue delay, bad faith, dilatory motive, prejudice, or futility. *See Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002).

The magistrate judge did not abuse his discretion by denying IFIT's request to amend its complaint. IFIT's proposed amended complaint alleged that Trustmark and Benefit Actuaries conspired to charge excessive premiums in violation of Michigan law. But IFIT does not explain how Michigan law is applicable to this dispute. IFIT is an Indiana trust; Trustmark is an Illinois corporation; and while Benefit Actuaries is a Michigan corporation, neither IFIT's nor Trustmark's dealings at issue here had any connection with Michigan. IFIT also wanted to add a claim that Trustmark breached its duty of good faith by failing to disclose its methodology for calculating premiums. Although Indiana recognizes a duty for insurers to deal in good faith with their insured, *see Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 518-19 (Ind. 1993), this cause of action has not been extended beyond disputes regarding coverage. The allegation in the proposed amended complaint centered on the setting of premiums, not on recovering under the policy.

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*