# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 03-4021

CARROLL GUISE, REGINA GUISE,
and MILDRED GUISE,

*Plaintiffs-Appellants*,

v.

BWM MORTGAGE, LLC, HOMECOMINGS
FINANCIAL NETWORK, INC., CLEARWATER
TITLE CO., et al.,

*Defendants-Appellees.*

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 03 C 4123—**Suzanne B. Conlon**, *Judge.*

———————

ARGUED APRIL 7, 2004—DECIDED AUGUST 4, 2004

———————

Before FLAUM, *Chief Judge*, and DIANE P. WOOD and
WILLIAMS, *Circuit Judges*.

FLAUM, *Chief Judge*. The plaintiffs claim relief under the
Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*,
alleging that the defendants engaged in unlawful lending
practices in connection with a mortgage on their home. The
district court dismissed their lawsuit on the pleadings and
denied their motion for leave to file an amended complaint.
For the reasons stated herein, we affirm.

## I. Background

Plaintiffs Regina Guise and Carroll Guise hired The Loan Arranger, LLC ("The Loan Arranger") to serve as their mortgage broker. The Loan Arranger helped them to obtain a loan from BWM Mortgage, LLC for the purpose of refinancing their existing mortgage loan. On January 28, 2002, the Guises and BWM Mortgage, LLC closed the loan. The loan note indicates that the plaintiffs borrowed $180,000 from BWM Mortgage, LLC, and the mortgage note indicates that the plaintiffs granted BWM a security interest in their Chicago, Illinois home. In connection with the loan, the Guises were assessed a finance charge of $434,890.22.

The Loan Arranger aided the Guises in purchasing title insurance and title endorsements from Clearwater Title Company ("Clearwater"), a company that is under common ownership and management with The Loan Arranger. Clearwater charged $800 for the title insurance and $345 for the title endorsements. According to the U.S. Department of Housing and Urban Development Settlement Statement ("settlement statement") appended to the complaint, the Guises also paid $450 to Lakeshore Title Agency for the purpose of conducting a title search.

Plaintiffs brought a multiple count complaint against BWM Mortgage, LLC; Homecomings Financial Network, Inc., Clearwater Title Company; The Loan Arranger; Michael Robins; and DOES 1-5. Count I of the complaint claims violations of TILA and seeks damages and rescission of the mortgage loans on behalf of a putative class, and Count II sought the same solely on behalf of the Guises. Count III alleges violations of the Illinois Consumer Fraud Act, 815 ILCS 505/2, on behalf of the Guises and the putative class. The complaint alleges that the fees paid by the Guises to Clearwater for title insurance and endorsements exceeded the $601 fee quoted for the same services by Chicago Title Insurance Company, a rival title insurance provider. The

Guises allege that The Loan Arranger profited from the Guises' allegedly overpriced transaction with Clearwater, and that this compensation therefore qualified as additional compensation to the mortgage broker subject to disclosure under TILA, 15 U.S.C. § 1605(a) and federal Regulation Z, 12 C.F.R. § 226.4(c)(7)(I). The plaintiffs argue that because the title insurance and endorsement fees were not disclosed as finance charges, the statement of finance fees was understated in excess of the permitted margin of error provided in 25 U.S.C. § 1605(f)(2)(A) and 12 C.F.R. § 226.23(g). For that reason, the plaintiffs argue that they are entitled to rescind their loan.

The defendants moved to dismiss the plaintiffs' suit on the pleadings. Shortly afterward, the plaintiffs moved for leave to amend their complaint. The district court granted BWM's motion for judgment on the pleadings with respect to the plaintiffs' rescission claim, finding that the finance charges disclosed were within the applicable TILA tolerance. The district court also denied the plaintiffs' motion for leave to amend the complaint, concluding that the plaintiffs' proposed amendments could not cure the deficiencies in the first complaint. The plaintiffs now appeal.

## II. Discussion

The plaintiffs argue that the district court erred in dismissing their claims for rescission on the pleadings. This Court reviews a decision to grant judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) *de novo*, using the standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. *R.J. Corman Derailment Serv., LLC v. Int'l Union of Operating Eng'rs*, 335 F.3d 646, 647 (7th Cir. 2003). We accept the facts alleged in the complaint in the light most favorable to the plaintiffs, the non-moving party. *Id.* We also "consider new factual

allegations raised for the first time on appeal provided they are consistent with the complaint." *Chavez v. Illinois State Police*, 251 F.3d 612, 650 (7th Cir. 2001) (internal quotations omitted). "A court will grant a Rule 12(c) motion only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 718-19 (7th Cir. 2002).

The stated purpose of TILA is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him." 15 U.S.C. § 1601(a). To aid consumers in assessing the cost of obtaining credit, TILA requires lenders to furnish a written statement summarizing the loan transaction, including all related finance charges. 15 U.S.C. § 1605(a). The statement of finance charges need not be perfectly accurate in order to be in compliance with § 1605(a). In credit transactions secured by real property, a finance charge "shall be treated as being accurate . . . [if] the amount disclosed as the finance charge . . . does not vary from the actual finance charge by more than an amount equal to one-half of one percent of the total amount of credit extended." 15 U.S.C. § 1605(f)(2)(A). The regulation implementing this provision, known as Regulation Z, follows this language: "the finance charge. . . shall be considered accurate for purposes of this section if the disclosed finance charge . . . is understated by no more than 1/2 of 1 percent of the face amount of the note or $100, whichever is greater." 12 C.F.R. § 226.23(g). In this case, the plaintiffs borrowed $180,000. Therefore, any finance charge disclosed by The Loan Arranger is accurate for purposes of TILA and Regulation Z if it is within 0.5% of $180,000, or $900, of the actual finance charge incurred.

TILA defines the types of fees and charges that must be included in the computation of finance charges. When the

extension of credit is secured by an interest in real property, the "[f]ees or premiums for title examination, title insurance, or similar purposes," in addition to other fees not relevant here, are to be exempted from computation of the finance charge. 15 U.S.C. § 1605(e)(1). Regulation Z, the federal regulation that implements TILA, similarly provides that "fees for title examination, abstract of title, title insurance, property survey, and similar purposes" are not finance charges "if the fees are bona fide and reasonable." 12 C.F.R. § 226.4(c)(7)(i).

The plaintiffs allege that the title insurance fees charged by Clearwater were not exempt from computation in the finance fee due to an alleged collusion between The Loan Arranger and Clearwater. In the Guises' view, Clearwater may have billed them for title insurance and title endorsements in name, but in substance, these charges were actually for the purpose of providing additional compensation to their mortgage broker, The Loan Arranger. Their complaint illustrates this alleged fraud by stating that the title insurance charges were "double a reasonable charge" as compared with prevailing market rates. If The Loan Arranger benefitted from Clearwater's overpriced sale of title insurance, The Loan Arranger was required by § 1605(e)(1) and 12 C.F.R. § 226.4(c)(7)(i) to disclose the profit as a finance charge, the Guises allege.

On appeal, the plaintiffs have expanded upon the allegations put forth in the complaint. Before this Court, the plaintiffs argue that they paid $450 to Lakeshore for title insurance, and that this fee must be aggregated with the $1145 paid to Clearwater in order to accurately assess the full extent of the overcharge. Because this new allegation is inconsistent with the assertion in the complaint that the $450 paid to Lakeshore was for a title search, rather than for title insurance, we confine our analysis to the original allegation. *See Holman v. Indiana*, 211 F.3d 399, 405-06 (7th Cir. 2000) (stating that new facts alleged on appeal are

irrelevant if they are inconsistent with the complaint). Additionally, because the settlement statement appended to the complaint confirms that Lakeshore charged the $450 fee in exchange for undertaking a title search, we need not consider the plaintiffs' new position. *See Ogden Martin Systems of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 529 (7th Cir. 1999) (stating that the written instrument annexed to a pleading controls when a plaintiff presents an inconsistent allegation).

Confining our analysis to the allegations in the pleadings, it is our conclusion that the plaintiffs have failed to state a claim under TILA. Even if Clearwater passed a portion of the allegedly overpriced title insurance and title endorsements fees to The Loan Arranger, the understatement of the finance fee is too insignificant to entitle the Guises to rescission of their loan under 15 U.S.C. § 1635. Clearwater collected $1145 from the plaintiffs. According to the complaint, $1145 is "double a reasonable charge," as it is "nearly twice the amount ($601) quoted by Chicago Title . . . for the same coverage." The complaint does not insinuate that Clearwater failed to furnish title insurance and title endorsements in exchange for the $1145 paid. Therefore, the basis of the plaintiffs' claim is that Clearwater charged fees that exceeded the market rate by $544, and that this $544 was a hidden financing fee. Because the alleged overcharge of $544 is well within the permitted margin of error of $900 under § 1605(f) and 12 C.F.R. § 226.23(g) for a loan of $180,000, the Guises' claim is not cognizable under TILA.

The plaintiffs urge that TILA and Regulation Z require a different calculation. In their view, if any portion of the title insurance and endorsement fee was unreasonable or not bona fide, then the entire $1145 paid to Clearwater qualifies as an undisclosed broker's fee, notwithstanding the fact that the Guises received title insurance in exchange. They maintain that Regulation Z compels this result. Regulation Z excludes title insurance fees from the calcula-

tion of the finance charge only "if the fees are bona fide and reasonable in amount," 12 C.F.R. § 226.4(c)(7)(i), in contrast to excluding those fees "to the extent that" the fees are bona fide and reasonable in amount. Because the plain language of Regulation Z does not address fees charged for legitimate title insurance that are above market rates, the plaintiffs read the regulation to equate merely overpriced title insurance fees with fees charged for title insurance when no title insurance is actually provided in return. Under their theory, because the entire $1145 fee charged by Clearwater is allegedly not reasonable, and because $1145 is greater than the tolerated margin of error for a loan of $180,000, *see* § 1605(f) and 12 C.F.R. § 226.23(g), the plaintiffs are entitled to rescission.

This argument is problematic for at least two reasons. First, the Guises' suggested reading of 12 C.F.R. § 226.4(c)(7)(i) would create tension with the plain language of § 1605(e)(1), the section of TILA that the regulation seeks to implement. Section § 1605(e)(1) expressly excludes title insurance fees from computation of finance charges. To deny Clearwater credit for the portion of the $1145 that represents a reasonable fee for the title insurance and endorsements it provided would render the § 1605(e)(1) exemption meaningless and would subject lenders to liability beyond TILA's sanction. Second, the Guises' approach artificially inflates the alleged finance charge of $544 by lumping it with the allegedly reasonable fee of $601 charged for the title insurance received. An allegedly partial overcharge does not convert the entire title insurance transaction into a finance charge, it only demonstrates that some amount of the fee was not eligible from exclusion from the finance charge computation.

Next, the plaintiffs argue that the district court had no factual basis to conclude on the pleadings that a portion of the title insurance fee was reasonable or bona fide. The

plaintiffs argue that only a jury could determine if the charges were bona fide as a matter of law. We disagree. The plaintiffs did not allege in their complaint or proposed amended complaint that they did not receive title insurance and endorsements from Clearwater, nor did the complaint allege any facts to give rise to the inference that Clearwater failed to perform those services. The district court had no reason to conclude that the transaction was anything but bona fide. *See Brannam v. Huntington Mortgage Co.*, 287 F.3d 601, 606 (6th Cir. 2002) (stating that a charge is bona fide if the "services for which the fees are imposed are performed"). The plaintiffs also argue that the district court erred in finding that $601 would have been a reasonable fee for Clearwater to charge for furnishing title insurance and endorsements. However, their complaint cites the $601 fee quoted by Chicago Title as a benchmark for the prevailing market rate for those services and describes the $1145 charge as "double a reasonable charge" in comparison to the Chicago Title quotation. The district court was correct to rely on the plaintiffs' repeated assertions. "Judicial admissions are concessions in the pleadings that bind the party making them and that withdraw a fact from contention." *Taylor v. Monsanto Co.*, 150 F.3d 806, 809 (7th Cir. 1998).

We now turn to the plaintiffs' final argument. The plaintiffs maintain that the district court erred in denying them leave to amend their complaint. Federal Rule of Civil Procedure 15 states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15. However, under Rule 15, a district court may deny leave to amend on the grounds of undue delay, bad faith, dilatory motive, prejudice, or futility. *Indiana Funeral Directors Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003). The district court's decision to grant or deny a motion for leave to file an amended pleading is "a matter purely within the sound discretion of the district court." *J.D. Marshall Int'l, Inc. v. Redstart, Inc.*, 935 F.2d 815, 819 (7th Cir.

1991). In this case, the district court concluded that the proposed amended complaint failed to cure the deficiencies of the original complaint.

The proposed amended complaint alleges that, had the Guises sought a quote for title insurance and endorsements in connection with their mortgage refinancing from Chicago Title Insurance Company, Stewart Title Company, or First American Title Company, they would have been quoted amounts ranging from $568 to $761. The plaintiffs did not seek to withdraw their prior allegation that Clearwater had provided them with title insurance and endorsements for $1145. None of the allegations in the proposed amended complaint would entitle the plaintiffs to rescission of their loan, as the $1145 charged by Clearwater is still within the allowable tolerance under TILA even if the $568 fee was taken as the reasonable market rate for the services provided. The district court did not abuse its discretion in denying leave to amend on this basis.

### III. Conclusion

For the reasons stated herein, we AFFIRM the decision of the district court.

A true Copy:

    Teste:

                      _____
                      *Clerk of the United States Court of*
                      *Appeals for the Seventh Circuit*