# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 03-4061

CELESTINE O. BUTTS,

*Plaintiff-Appellant,*

v.

AURORA HEALTH CARE, INC.,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 01 C 932—**Aaron E. Goodstein**, *Magistrate Judge.*

_____

ARGUED SEPTEMBER 15, 2004—DECIDED NOVEMBER 5, 2004

_____

Before EVANS, WILLIAMS, and SYKES, *Circuit Judges.*

EVANS, *Circuit Judge.* Celestine Butts, an African-American woman, sued her employer, Aurora Health Care, Inc., alleging that it failed to promote her because of her race. The district court (Magistrate Judge Aaron E. Goodstein sitting by consent) entered summary judgment in favor of Aurora, concluding that Butts failed to present evidence that the reason Aurora gave for not promoting her was pretext for covering up racial discrimination.

Both parties adopted Judge Goodstein's factual recitation, which means the facts are undisputed, and we proceed on

that assumption. Here, then, are the facts. Aurora hired Butts as a lab technician in August 1997. Two years later, the company listed six openings for a data analyst position. Data analysts perform several functions, including creating and managing files, monitoring data transfers, distributing reports, and installing and managing software and hardware. The positions required an associate degree in a related field or equivalent technical training, and 2 years of related experience in data operations or information system management. Butts and 16 others applied. Interviews for the positions were conducted by Aurora's lab director, Sandra Butschli, and its data center supervisor, Jacque Tuszkiewicz. Butschli and Tuszkiewicz eventually narrowed the field to six candidates, all of whom were white. Both supervisors felt that Butts, who had less technical experience, was not as qualified as six other applicants who made the cut.

Butts believed otherwise. After receiving a right-to-sue letter from the EEOC, without the help of a lawyer, Butts filed suit, alleging that Aurora's failure to promote her was racially motivated in violation of Title VII, 42 U.S.C. §§ 2000e to 2000e-17. Her original complaint alleged three claims of discrimination, but she voluntarily dismissed two of them during a Rule 16 conference, retaining only a claim that she was denied a promotion to a data support center analyst position in October of 1999. The Rule 16 conference was conducted in April of 2002, some 7 months after the case was filed.

Several months later, after the close of discovery, Judge Goodstein granted Butts' motion to "appoint" counsel.[1] He also granted Butts' request to reopen discovery but denied

---

[1]  Courts do not have the authority to "appoint" counsel in a civil case; they can only ask members of their bar to assist a litigant. *E.g.*, *DiAngelo v. Ill. Dep't of Public Aid*, 891 F.2d 1260, 1262 (7th Cir. 1989). Attorney Larraine McNamara-McGraw agreed to represent Ms. Butts. She has done a splendid job representing Ms. Butts' interests ever since she came on board.

her motion to reinstate her previously withdrawn claims. Trying another tack, Butts moved for leave to amend her complaint to add claims under 42 U.S.C. § 1981. The judge, however, denied the motion, concluding that the purported § 1981 claims simply recast the claims that were previously withdrawn. He noted that "[i]t is too late in the case to return to square one." Eventually, the judge granted Aurora's motion for summary judgment. Butts appeals both the entry of summary judgment and the denial of her request for leave to amend her complaint.

We review the judge's ruling on a motion for summary judgment *de novo*, viewing the evidence in the light most favorable to Butts. *E.g.*, *Mateu-Anderegg v. School Dist.*, 304 F.3d 618, 623 (7th Cir. 2002). Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The mere existence of an alleged factual dispute will not defeat a summary judgment motion; instead, the nonmovant must present definite, competent evidence in rebuttal. *E.g.*, *Salvadori v. Franklin Sch. Dist.*, 293 F.3d 989, 996 (7th Cir. 2002).

It is well-established that a plaintiff in a Title VII case may proceed under a direct or indirect method of proof. *Mateu-Anderegg*, 304 F.3d at 623. Because Butts offered no direct evidence of discrimination, she proceeded under the indirect method set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). In order to survive summary judgment under *McDonnell Douglas*, Butts was required to produce evidence that she was: (1) a member of a protected class; (2) qualified for the position sought; (3) rejected for the position; and (4) treated less favorably than a similarly situated candidate outside her protected class. *E.g.*, *Volovsek v. Wis. Dep't of Agric., Trade & Consumer Prot.*, 344 F.3d 680, 692 (7th Cir. 2003). If a plaintiff makes a prima facie showing of discrimination, the burden shifts to the defen-

dant to articulate a legitimate, nondiscriminatory reason for its decision. *Salvadori*, 293 F.3d at 996. If the employer does so, it rebuts the presumption of discrimination, and the burden shifts back to the employee to show that the proffered reason was pretextual. *Id.* Despite this burden-shifting approach, the ultimate burden of proof to establish discrimination remains at all times with the plaintiff. *Id.*

Here, the judge's entry of summary judgment was proper. In support of its motion, Aurora produced evidence that it failed to promote Butts because she had less experience and familiarity with its computer systems than the candidates who were promoted. Because this was a legitimate, nondiscriminatory reason, it was incumbent on Butts to submit evidence that it was contrived; a mask for discrimination. But Butts submitted nothing, which was fatal to her suit and this appeal. Indeed, the judge could have entered summary judgment on the ground that Butts failed to establish the fourth element of a prima facie case, i.e., that similarly situated white candidates were treated more favorably. It was undisputed that all of the candidates had more relevant experience than Butts.

Butts contends that Aurora did not submit any documentary evidence to corroborate the self-serving affidavits of Butschli and Tuszkiewicz, both of whom attested that they did not promote Butts because she had less computer experience. It is true that self-serving statements in affidavits *without factual support in the record* carry no weight on summary judgment. *Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 504 (7th Cir. 2004) (internal quotation omitted). But here, the supervisors' conclusory statement that Butts was less qualified had additional support in the record. Butts acknowledged in her deposition that four of the six candidates who beat her out had more experience and that their promotions were good decisions. And Butschli and Tuszkiewicz described in great detail the specific work experience of the other two candidates, establishing that they

were more qualified than Butts. *See id.* (court may consider self-serving statements in affidavits if they are based on personal knowledge and set forth specific facts); *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (same). Thus, contrary to Butts' argument, additional documentary evidence was not required.

Butts also assails the judge's refusal to allow her to amend her complaint under Fed. R. Civ. P. 15. Although leave to file an amended complaint should be granted liberally, a request to amend may be denied on several grounds, including undue delay. *E.g.*, *Guise v. BWM Mortgage, L.L.C.*, 377 F.3d 795, 801 (7th Cir. 2004). We review a denial of a motion to amend only for an abuse of discretion. *E.g.*, *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004).

We cannot conclude, under the circumstances here, that Judge Goodstein abused his discretion. Butts complains that it was unreasonable for the judge to deny her leave to amend shortly after helping her secure counsel. We are sympathetic to her position. She argues that she originally believed her abandoned claims were untimely but, after getting counsel, came to a different view and reasonably asked the judge for another shot. Why not give her the opportunity to develop these claims with the assistance of counsel? But though we may have ruled differently, that does not mean that the judge's decision was an abuse of discretion, which occurs *only* if no reasonable person could agree with it. *E.g.*, *Cleveland v. Porca Co.*, 38 F.3d 289, 297 (7th Cir. 1994). The fact that the judge granted Butts' request for counsel did not give her license to amend the substance of her lawsuit, especially, as here, so late in the game. And Butts fails to demonstrate that her requested amendments had any real merit. Instead, she states in conclusory fashion that "the legal merits of the Amendment were clear." But how so? Butts does not inform. As a result, she has failed to adequately explain why no reasonable person could agree

with Judge Goodstein's conclusion that the case should not return to the claim status it enjoyed when her complaint was originally filed.

                                                        AFFIRMED.


**A true Copy:**

          **Teste:**


                              _____
                              *Clerk of the United States Court of*
                              *Appeals for the Seventh Circuit*