Lonnie MURRY and Lucille Murry,
Plaintiffs–Appellants,

v.

W. BARNES, Officer, Defendant–
Appellee.

No. 04–1545.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 23, 2004.*

Decided Nov. 29, 2004.

Lonnie Murry, Springfield, IL, pro se.

Lucille Murry, Springfield, IL, pro se.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

William G. Workman, Springfield, IL, for Defendant–Appellee.

Before BAUER, MANION, and WOOD, Circuit Judges.

### ORDER

In a Third Amended Complaint brought under 42 U.S.C. § 1983 and Illinois law, Lonnie and Lucille Murry claimed that Springfield, Illinois, police officer William Barnes used excessive force and held them "up to scorn and ridicule by the public" while maintaining a roadblock that kept the Murrys away from their home near an airport that was hosting an air show. The magistrate judge presiding over the case by consent of the parties granted Barnes's motion for summary judgment, reasoning that the Murrys had failed to provide sufficient evidence to demonstrate a genuine issue of material fact. But he reached this conclusion after refusing to consider the Murrys' joint affidavit submitted with their response to Barnes's motion. We hold that it was error to exclude this affidavit, which is adequate to establish disputed issues of material fact as to Lucille Murry. Accordingly, we vacate the grant of summary judgment as to her excessive-force claim and remand for further proceedings.

Because this appeal comes to us by way of summary judgment, we construe the facts in the light most favorable to the Murrys. See *Indiana Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 654 (7th Cir.2003). Both parties agree that on the afternoon of September 26, 1999, the Murrys were unable to return to their home near Capitol Airport in Springfield because the road on which they lived had been temporarily closed to ensure the safety of performers and spectators at the Springfield Air Rendezvous '99 air show. The Murrys stopped their car near an intersection where three police officers, including Officer Barnes, were directing traffic. Lucille Murry got out of the car and approached the officers. She told them she had a medical condition and needed to use the bathroom, and that her home was only a quarter of a mile past the roadblock, but the officers responded that no one would be allowed to pass until a certain portion of the show had ended. Murry, however, tried to set out on foot towards her home, but Barnes stepped in front of her to block her way.

From there the stories told by the parties significantly diverge. In a joint affidavit submitted with their opposition to summary judgment, the Murrys aver that they were grossly mistreated by the officers, especially by Officer Barnes, during the altercation that followed his effort to prevent Lucille Murry from evading the checkpoint. According to Lucille Murry, Barnes twisted her arms behind her back, shoved her, "slammed" her into the side of a car "repeatedly," pulled down her pants, and threatened to sue her for slander when she complained to him that his actions amounted to misconduct. Barnes, in contrast, denies ever touching her. For his part, Lonnie Murry similarly avers that the other officers slammed him against the side of the car and twisted his arms when he tried to intervene and stop Barnes, but neither of those officers are defendants at the present time.

When the altercation subsided, the Murrys retreated to the side of the road while Lucille took photographs of the scene, including the officers and the spectators. The Murrys, who were never taken into custody, then drove to a hospital to have Lucille Murry's injuries checked out. Medical records show that she was treated for a bruised wrist and a sore back.

The magistrate judge read the Murrys' complaint as stating three claims: a Fourteenth Amendment claim for "deprivation

of reputational liberty," a Fourth Amendment claim for use of excessive force, and a claim for common-law negligence. When Officer Barnes moved for summary judgment, the magistrate judge gave the Murrys two chances to respond. On their second attempt they submitted an affidavit attesting to their version of events, and while the magistrate judge purported to strike the response itself for noncompliance with Local Rule 7.1, see CDIL–L.R. 7.1, the court also explained that it would consider the "documentary evidence submitted by the parties." Notwithstanding, the court refused to consider the Murrys' affidavit, reasoning that to do so would be "the equivalent of allowing the plaintiffs to stand on the allegations in their complaint and it would have simply been an end run around the requirements of the Local Rules and Federal Rules." Consequently, the court held that they had failed to meet their evidentiary burden and granted summary judgment for Barnes.

We begin with Officer Barnes's request that we strike the Murrys' appellate brief and dismiss the appeal under Fed. R.App. P. 28(a)(9). The Murrys' submission is indeed inartful, and includes much irrelevant discussion about their former attorney and about other claims and defendants the Murrys voluntarily dismissed. And the brief includes factual statements that lack support in the record. But that said, we conclude that the Murrys' brief constitutes "more than a generalized assertion of error." See Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir.2001). As we read the brief, the Murrys abandon their "reputational liberty" and negligence claims but still contend that the magistrate judge erred in granting summary judgment on their excessive force claim. And under our rule of liberal construction for pro se submissions, see id., we think they have done enough to invoke our review of the grant of summary judgment.

That review is de novo, Ind. Funeral Dirs., 347 F.3d at 654, and our starting point is the Murrys' affidavit. Although the explanation is difficult to follow, the magistrate judge apparently refused to consider the affidavit, not because it was in poor form or because it failed to comply with Local Rule 7.1, but because—in the court's words—the Murrys had not submitted other evidence such as "depositions, written discovery, etc." to corroborate "the factual allegations in their complaint or in the affidavit" (emphasis added). But plainly a plaintiff's affidavit can be competent evidence to rebut a motion for summary judgment, e.g., Dale v. Lappin, 376 F.3d 652, 655 (7th Cir.2004), so we do not understand the need for corroborating evidence unless there exists some reason, such as lack of personal knowledge, that would preclude reliance on the Murrys' affidavit. No such problem is obvious to us. The magistrate judge of course is correct that a party opposing a motion for summary judgment may not simply rely on the pleadings. See Nat'l Soffit & Escutcheons, Inc. v. Superior Sys., 98 F.3d 262, 265 (7th Cir.1996) (holding that "the non-moving party cannot rest on his pleadings, but must produce his own evidence"). But this does not mean that a plaintiff's supporting evidence may be ignored simply because it relates only what is already alleged in the complaint; if the complaint is sufficiently detailed and based on personal knowledge, the complaint itself can defeat a motion for summary judgment by the expedient of swearing to the truth of the factual allegations it contains. See Dale, 376 F.3d at 655. The purpose of the rule forbidding reliance on the pleadings is to prevent a plaintiff from prevailing upon conclusory and unattributed allegations. See Stagman v. Ryan, 176 F.3d 986, 995 (7th Cir.1999) (explaining that "statements outside the affiant's personal knowledge or

statements that are the result of speculation or conjecture or merely conclusory do not meet" the requirements of Rule 56(e)). And surely Rule 56 cannot be read—as the magistrate judge appears to read the rule—to deprive the Murrys of their testimonial evidence because they presented it by affidavit while allowing Barnes to prevail on the strength of testimony he and his fellow officers introduced via depositions.

 So it was error to ignore the affidavit. That error was harmless as to Lonnie Murry, because his only contention is that he was assaulted by the two officers who are not defendants. But as to Lucille Murry the affidavit is more than enough to overcome summary judgment, especially given the absolute denial by Officer Barnes that he used *any* force or even touched her. And to the extent that the magistrate judge suggests that Lucille Murry does not state a claim for excessive force because she was never seized, the conclusion cannot be squared with her account that Barnes grabbed her and repeatedly "slammed" her against a car. Fourth Amendment "seizures" typically involve arrests or *Terry* stops, but they need not. *See Yang v. Hardin*, 37 F.3d 282 (7th Cir.1994) (holding that a battery may constitute a "seizure" for Fourth Amendment purposes even if it does not involve an investigative stop or arrest). A "seizure" occurs "[w]henever an officer restrains the freedom of a person to walk away," *Brower v. County of Inyo*, 489 U.S. 593, 595, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989) (internal quotation marks and citation omitted), or whenever there is "an intentional acquisition of physical control," *id.* at 596. Lucille Murry's description of events, if true, meets this definition.

Based on the foregoing analysis, the grant of summary judgment for Officer Barnes is VACATED with respect to Lucille Murry's claim of excessive force, and that claim is REMANDED for further proceedings. In all other respects the judgment is AFFIRMED.