**Eric L. HILL, Plaintiff–Appellant,**

v.

**John R. VANNATTA, Chris Johnson, Bruce Helming, et al., Defendants– Appellees.**

No. 03–3227.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 1, 2005.*

Decided Feb. 3, 2005.

* On December 29, 2004, this court granted the appellees' motion for an order of noninvolvement due to the lack of service in the district court. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

Eric L. Hill, Pendleton Correctional Facility, Pendleton, IN, Pro se.

Before MANION, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

Eric Hill, who is now a prisoner at Pendleton Correctional Facility in Indiana, filed a pro se complaint under 42 U.S.C. § 1983 for violations of the Eighth Amendment because a guard at Miami Correctional Facility slapped him. The district court dismissed Hill's complaint for failure to state a claim. We affirm.

According to his complaint, while Hill was at Miami Correctional Facility, defendant Vicky Wood, a guard, slapped him after he called her a "God Dame [sic] Liar." Defendant Hoover, another guard, witnessed the incident. After the slap Hill went to the prison counselor, who gave him ice for his red and swollen face. The counselor—who is not a defendant—promised that Hill would receive medical care, yet he received none. Hill's complaint is silent as to the involvement of the other named defendants.

Screening the complaint under the Prison Litigation Reform Act, see 28 U.S.C. § 1915A, the district court dismissed it for failure to state a claim. The court reasoned that a slap causing just redness and swelling was de minimis and thus insufficient to state a claim for excessive force under the Eighth Amendment, and that Hill's injuries were not serious enough for a denial-of-medical-care claim.

The only issue that Hill raises on appeal is whether his complaint stated a claim for denial of medical care in violation of the Eighth Amendment, and in support he asserts a number of facts that he had not presented to the district court. Specifically, Hill says that Officer Wood's "blow resulted in two (2) weeks of swelling, soreness of the gums, a lost [sic] of a tooth"; that Miami prison officials Chris Johnson, Bruce Helming, and John Beck ignored his requests for medical care; that he was then placed in solitary confinement for 90 days; and that his injuries became obvious when he was in solitary. Hill did not receive treatment until he was later transferred to Pendleton.

When a district court dismisses a complaint under § 1915A for failure to state a claim, we will affirm only if no relief could be granted under any set of facts consistent with the plaintiff's allegations. *Wynn v. Southward*, 251 F.3d 588, 591–92 (7th Cir.2001) (per curiam). At this early stage of the litigation, a plaintiff's complaint need not allege all the facts necessary to establish the essential elements of his legal claim. *See Thomson v. Washington*, 362 F.3d 969, 970–71 (7th Cir.2004). Indeed, an appellant whose complaint has been dismissed may present new facts on appeal so long as they are consistent with the allegations in the complaint. *Guise v. BWM Mortgage, LLC*, 377 F.3d 795, 799 (7th Cir.2004); *Walker v. Thompson*, 288 F.3d 1005, 1008 (7th Cir.2002); *Chavez v. Ill. State Police*, 251 F.3d 612, 650 (7th Cir.2001); *Brokaw v. Mercer County*, 235 F.3d 1000, 1006 (7th Cir.2000); *Holman v. Indiana*, 211 F.3d 399, 406–07 (7th Cir. 2000); *Smith v. Boyle*, 144 F.3d 1060, 1065 (7th Cir.1998).

The claim that Hill is pressing here—denial of medical services under the Eighth Amendment—has two essential elements. First, there must be a depriva-

tion of medical treatment serious enough to amount to a "denial of 'the minimal civilized measure of life's necessities.'" *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). Second, the officials who deny the prisoner medical care must have acted with "deliberate indifference." *Id.* (quoting *Wilson v. Seiter,* 501 U.S. 294, 302–03, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)); *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Deliberate indifference requires a showing that the official was actually aware of a serious risk yet failed to take any action. *See Whiting v. Marathon County Sheriff's Dep't,* 382 F.3d 700, 703 (7th Cir.2004); *Jackson v. Ill. Medi–Car, Inc.,* 300 F.3d 760, 765 (7th Cir.2002). Under this standard, a plaintiff must show that prison officials were actually aware of a problem that was either diagnosed by a doctor or obvious enough that a reasonable lay person would realize a doctor's care was necessary. *Wynn,* 251 F.3d at 593. Thus, although deliberately denying dental care and causing the loss of a tooth states a claim, *see Board v. Farnham,* 394 F.3d 469, 479–80 (7th Cir.2005), failure to call doctors whenever a prisoner suffers minor scrapes and bruises does not. *See Zentmyer v. Kendall County, Ill.,* 220 F.3d 805, 810 (7th Cir.2000); *Gutierrez v. Peters,* 111 F.3d 1364, 1372 (7th Cir.1997). And if the officials are aware only of minor symptoms, like swelling, the plaintiff is not entitled to relief. *See Boyce v. Moore,* 314 F.3d 884, 890 (7th Cir.2002).

Even if we were to accept Hill's version of the facts as supplemented on appeal, he still fails to state a claim because he has not alleged that the defendants were aware that his injuries were sufficiently serious. Hill asserts that his tooth condition should have become obvious during his time in solitary confinement, but nothing in his complaint or brief suggests that the defendants knew of any injury apart from the redness and swelling he suffered as a result of the slap; this condition indicated no substantial risk to his health, so they could not be liable. *See id.; Gutierrez,* 111 F.3d at 1372. As for the rest of the defendants, Hill's rambling brief fails even to suggest any involvement in the denial of medical care.

In any event, we decline to consider Hill's inconsistent factual allegations (regarding the loss of his tooth) that he raised for the first time in his brief on appeal. Not only did his complaint and his attachments fail to mention any injury to his tooth, but they made plain that the *only* injuries he suffered were swelling, redness, and mental and emotional stress. While we "draw *reasonable* inferences in the [plaintiff's] favor, we should not draw inferences that while theoretically plausible are inconsistent with the pleadings." *Holman,* 211 F.3d at 407, *quoted in Yasak v. Ret. Bd. of Policemen's Annuity & Benefit Fund of Chicago,* 357 F.3d 677, 679 (7th Cir.2004); *Guise,* 377 F.3d at 799; *Chavez,* 251 F.3d at 650.

For the foregoing reasons, the judgment of the district court is AFFIRMED.