**Jewel BALLENTINE, Plaintiff–Appellant,**

v.

**ILLINOIS STATE POLICE, Defendant–Appellee.**

No. 04–3086.

United States Court of Appeals, Seventh Circuit.

Submitted March 2, 2005.*

Decided March 4, 2005.

Jewel L. Ballentine, Chicago, IL, pro se.

Mary E. Welsh, Office of the Attorney General, Chicago, IL, for Defendant–Appellee.

Before BAUER, RIPPLE, and ROVNER, Circuit Judges.

ORDER

During her employment as an officer coordinator with the Illinois State Police, Jewel Ballentine (who is African–American) failed to receive several promotions to accounting and office administration positions for which she believed she was qualified. Ms. Ballentine's relations with the ISP steadily deteriorated: she became involved in several disputes with coworkers and supervisors, was eventually found to

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

be unfit for duty, and was placed on administrative leave. Convinced that her lack of success in the workplace resulted from race, gender and disability discrimination, as well as retaliation for her complaints of race discrimination, Ms. Ballentine filed this lawsuit under 42 U.S.C. §§ 1981 & 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The district court dismissed Ms. Ballentine's ADA claim on Eleventh Amendment grounds and her § 1983 claims because the ISP was not a "person" as the statute defines the term. The court subsequently granted summary judgment to the ISP, holding that Ms. Ballentine could not make out a prima facie case of discrimination with her failure-to-promote and retaliation claims.

On appeal, Ms. Ballentine does not address the district court's conclusions that she failed to prove discrimination or retaliation, but merely relates the history of her "battle" with the ISP and argues generally that "previously filed motions and exhibits should substantially prove that Appellant should prevail as a matter of both law and justice." This argument is too cursory to constitute a properly developed claim for appeal. *See Smith v. Northeastern Ill. Univ.,* 388 F.3d 559, 569 (7th Cir.2004). Further, because Ms. Ballentine's brief does not specifically challenge the grounds of the district court's decision, she has waived any opposition to those grounds on appeal. *See Kauthar SDN BHD v. Sternberg,* 149 F.3d 659, 672 (7th Cir.1998). Regardless, our review of the record assures us that the district court did not err in concluding that Ms. Ballentine failed to establish either discrimination or retaliation. Although Ms. Ballentine alleged that she had favorable performance reviews and a score of "well-qualified" on the pro-

motional exam, she failed to show that she had any of the specific skills required by the positions she sought, as is required to establish a prima facie case of discrimination. *Butts v. Aurora Health Care, Inc.,* 387 F.3d 921, 924 (7th Cir.2004). Ms. Ballentine's retaliation claim was similarly doomed by her failure to rebut the ISP's evidence that she had repeatedly gotten into altercations with coworkers and had thus failed to meet legitimate job expectations. *See Luckie v. Ameritech Corp.,* 389 F.3d 708, 714 (7th Cir.2004).

Accordingly, the judgment of the district court is affirmed.

AFFIRMED