**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 2, 2005
Decided June 14, 2005

**Before**

Hon. JOEL M. FLAUM, *Chief Judge*

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-2233

| | |
|---|---|
| MARY STATEN,<br>　　　　*Plaintiff-Appellant,*<br><br>　　v.<br><br>NISSAN NORTH AMERICA, INC.,<br>　　　　*Defendant-Appellee.* | Appeal from the United States District Court for the Southern District of Illinois.<br><br>No. 02 CV 940 GPM<br><br>G. Patrick Murphy, *Chief Judge.* |

**O R D E R**

On May 27, 2002, Gloria Staten and two passengers, Mary and Pearlie Staten, were injured in a rollover accident after a tire blew out on her 2001 Nissan Sentra. The accident occurred near Warrenton, Missouri, about an hour west of St. Louis. The Statens sued the tire maker, Bridgestone/Firestone, Inc., as well as the car maker, Nissan North America, Inc. In January of 2004, the Statens settled with Firestone. In the meantime, their case against Nissan lagged. In February of 2004, Nissan moved for summary judgment. The Statens did not respond but instead filed a request for additional discovery under Federal Rule of Civil Procedure 56(f). In March of 2004, the district court granted Nissan's motion and denied the Statens' request for a continuance. Now, Mary Staten appeals those decisions.

Staten first claims that the district court erred in ruling on Nissan's summary judgment motion without giving her additional time to conduct discovery. Federal Rule of Civil Procedure 56(f) authorizes a district court to deny or defer

ruling on a motion for summary judgment if the nonmovant submits an affidavit demonstrating why further discovery is needed to oppose the motion. See Fed. R. Civ. P. 56(f); Davis v. G.N. Mortgage Corp., 396 F.3d 869, 885 (7th Cir. 2005). We review for abuse of discretion a district court's decision not to grant additional time for discovery before ruling on a motion for summary judgment. Davis, 396 F.3d at 885.

Here, the district court afforded Staten ample opportunity to conduct discovery relevant to her claims. Staten had 18 months but never identified an expert or took a deposition, with no explanation for her inactivity. She does try to pin the blame on Nissan, saying that it failed to make available its expert witness for a deposition. But Staten's counsel contributed largely to the proposed deposition being cancelled by ignoring Nissan's efforts to work out logistics. In addition, Staten's counsel failed to file a notice of deposition for this expert. But even if Nissan was guilty of obstruction, that does not excuse Staten's 18 months of relative inactivity. Because it is clear that Straten was less than diligent in litigating her claims against Nissan, the district court's refusal to extend discovery was not an abuse of discretion. See Gutierrez v. AT&T Broadband, LLC, 382 F.3d 725, 733 (7th Cir. 2004) (denying a Rule 56(f) motion is not an abuse of discretion where moving party's lack of diligence is to blame for failure to obtain discoverable information); see also Grayson v. O'Neill, 308 F.3d 808, 816 (7th Cir. 2002); Kalis v. Colgate-Palmolive Co., 231 F.3d 1049, 1057 n.5 (7th Cir. 2000).

Moreover, as the district court correctly pointed out, Staten fails to demonstrate how additional discovery would have made any difference. She does assert generally that she needed more time to discover

> (a) whether the seat belt adequately protected the plaintiffs from injuries as a result of the accident; (b) whether the tire should have failed especially in a new car with only about 10,000 miles on it; (c) whether it was technically feasible to warn a driver of tire failure so as to allow her to take an appropriate remedial action; and (d) whether a failure to the tire should have resulted in an automobile rollover accident resulting in serious injuries.

But all this amounts to is a plea for more time to flesh out the general theories of her case. Staten fails to identify what specific evidence she hoped to obtain to create a genuine issue of material fact. Rule 56(f) does not allow a party to block summary judgment simply by offering generalities about the need for further discovery. E.g., Woods v. City of Chicago, 234 F.3d 979, 990-91 (7th Cir. 2000).

Staten next contends that the district court erred by entering summary judgment in favor of Nissan. We review this decision de novo, viewing the evidence in the light most favorable to Staten. E.g., Mateu-Anderegg v. School Dist., 304 F.3d 618, 623 (7th Cir. 2002). Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The mere existence of an alleged factual dispute will not defeat a summary judgment motion; instead, the nonmovant must present definite, competent evidence in rebuttal." Butts v. Aurora Health Care, Inc., 387 F.3d 921, 924 (7th Cir. 2004). Here, there is no question that summary judgment was appropriate. Nissan submitted an expert affidavit and other evidence in support of its motion. But Staten offered no evidence to establish a triable issue of fact; indeed, she did not respond at all, which justified summary judgment for Nissan. See Fed. R. Civ. P. 56(e).

Finally, Staten argues, frivolously, that the district judge should have recused himself under 28 U.S.C. § 455(a) for having ex parte communication with Nissan's counsel. According to Staten, the district judge talked privately with Nissan's lawyer in his chambers just before the hearing on Nissan's summary judgment motion. Thus, in Staten's view, Chief Judge Murphy should have recused himself, as his impartiality was reasonably in question. Initially, we do not have appellate jurisdiction to even consider this challenge. Staten raised the issue in a motion to amend the judgment under Federal Rule of Civil Procedure 59(e) but did not identify the district court's order denying that motion in her notice of appeal. See Fed. R. App. P. 3(c)(1)(B). But even if we could review this argument, her claim is baseless and unsubstantiated. Nissan's counsel submitted an affidavit that he met with Chief Judge Murphy to schedule a new trial date regarding another case, with the consent of the other side, and Staten submitted no evidence suggesting otherwise.

AFFIRMED.