UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2006[*]
Decided March 30, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-3622

| | |
|---|---|
| LUCILLE MURRY,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>WILLIAM BARNES,<br>    *Defendant-Appellee.* | Appeal from the United States<br>District Court for the Central<br>District of Illinois<br><br>No. 00-C-1415<br><br>John A. Gorman,<br>*Magistrate Judge.* |

**O R D E R**

Lucille Murry claims in this suit under 42 U.S.C. § 1983 that William
Barnes, a police officer in Springfield, Illinois, assaulted her while enforcing the
closure of the road to her home during an airshow. As Murry tells the story, she
explained to Barnes that she lived just down the road and needed to use the
bathroom because of a medical emergency; he refused to let her drive past the
roadblock and, when she tried to proceed on foot, twisted her arms and repeatedly
"slammed" her into the side of a police car. The magistrate judge, presiding by
consent, initially granted summary judgment for Barnes, but we vacated that

---

[*] After an examination of the briefs and the record, we have concluded that oral
argument is unnecessary. Thus, the appeal is submitted on the briefs and the record.
*See* Fed. R. App. P. 34(a)(2).

decision and remanded for trial because Barnes's denial that he ever touched Murry could not be reconciled with her affidavit describing the encounter. *See Murry v. Barnes*, 122 F. App'x 853 (7th Cir. 2004). On remand a jury exonerated Barnes. Murry appeals, complaining that she did not receive a fair trial.

Barnes urges us to strike Murry's initial appellate brief for failure to meet the requirements of Federal Rule of Appellate Procedure 28(a)(9). Murry does not support her claims with citations to the record. *See* Fed. R. App. P. 28(a)(9)(A). Also, she did not submit a trial transcript with her brief, which would be a basis for declining to review any of the decisions made at trial. *See Piggie v. Cotton*, 342 F.3d 660, 663 (7th Cir. 2003) (per curiam) (noting that dismissal is appropriate where absence of transcript precludes meaningful review); *Birchler v. Gehl Co.*, 88 F.3d 518, 519-20 (7th Cir. 1996). We note, however, that Murry finally obtained a transcript after briefing was complete. But she has not cured the essential defect in her appeal because she did not file a replacement brief to provide the missing record citations. Further, she cites no relevant legal authority to support her claims. *See* Fed. R. App. P. 28(a)(9)(A). Though we construe Murry's filings liberally because of her pro se status, we still must insist on an argument that is more than a "generalized assertion of error." *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *see also Jones v. Infocure Corp.*, 310 F.3d 529, 534 (7th Cir. 2002). And this, she has not provided. Accordingly, we DISMISS the appeal.