In the

# United States Court of Appeals

### For the Seventh Circuit

No. 05-1491

STACIE FOSTER,

*Plaintiff-Appellant,*

*v.*

ANTHONY DELUCA and CITY OF CHICAGO HEIGHTS,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04 C 5220—**Samuel Der-Yeghiayan**, *Judge.*

ARGUED MAY 12, 2008—DECIDED SEPTEMBER 29, 2008

Before ROVNER, EVANS, and WILLIAMS, *Circuit Judges*.

WILLIAMS, *Circuit Judge.* Stacie Foster filed suit against the defendants claiming that they violated her First Amendment rights by terminating her because of her political affiliation. The district court granted the defendants' motion to dismiss and terminated the case on the same day, and later denied Foster's motion to amend her complaint. Because the district court failed to articulate a reason for denying Foster's motion to amend her complaint, we reverse.

## I. BACKGROUND

On August 6, 2004, Foster, who is a Democrat, filed suit against Anthony DeLuca, the Republican mayor of the City of Chicago Heights, and the City itself. She alleged a violation of her First Amendment freedom of association rights under 42 U.S.C. § 1983 because her employment was terminated after DeLuca was elected. On October 22, 2004, the defendants filed a Rule 12(b)(6) motion to dismiss the complaint. On January 6, 2005, the district court granted the defendants' motion to dismiss and terminated the case on the same day. On January 14, 2005, Foster filed a motion to alter the district court's judgment under Federal Rules of Civil Procedure 59(e) and 60(b), a motion for leave to file an amended complaint, and an amended complaint. On January 27, 2005, the district court denied Foster's motion for leave to amend and motions to alter the judgment in a brief minute order. Foster appeals.

## II. ANALYSIS

We review a district court's denial of a request for leave to amend for an abuse of discretion. *Indiana Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003). Federal Rule of Civil Procedure 15(a) dictates that leave to amend a pleading shall be freely given "when justice so requires," and the rule expressly grants a plaintiff an opportunity to amend her complaint "once as a matter of course before being served with a responsive pleading." Fed. R. Civ. P. 15(a); *Camp v. Gregory*, 67 F.3d 1286, 1289 (7th Cir. 1995). Here, Foster filed her com-

plaint and the defendants responded with a motion to dismiss pursuant to Rule 12(b)(6). For purposes of Rule 15(a), a motion to dismiss does not constitute a responsive pleading, *see id.*; thus, "an order dismissing the original complaint normally does not eliminate the plaintiff's right to amend once as a matter of right." *Crestview Vill. Apartments v. United States HUD,* 383 F.3d 552, 557 (7th Cir. 2004); *Camp,* 67 F.3d at 1289; *Willhelm v. Eastern Airlines, Inc.*, 927 F.2d 971, 972 (7th Cir. 1991).

The district court entered final judgment against Foster at the same time that it granted the motion to dismiss, so she lost her right to amend her complaint. *See Camp,* 67 F. 3d at 1289 (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1111 (7th Cir. 1984)). Once final judgment has been entered in a case, "the district court lacks jurisdiction to entertain a motion for leave to amend the complaint unless the plaintiff also moves for relief from the judgment." *Id.* at 1289-90. After the case was terminated, Foster filed the requisite motions under Rules 59(e) and 60(b) as well as a motion for leave to file an amended complaint and the amended complaint. The district court construed all of Foster's filings as a motion to reconsider its earlier decision dismissing the case, which it summarily denied.

Relief under Rules 59(e) and 60(b) are extraordinary remedies reserved for the exceptional case, *Dickerson v. Board of Education of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994), and "the mere desire to expand the allegations of a dismissed complaint does not, by itself, normally merit lifting the judgment." *Camp*, 67 F.3d at

1290. Yet the district court left the plaintiff with little recourse but to file a motion under Rules 59(e) and 60(b) because it simultaneously granted the defendants' motion to dismiss and terminated the case. District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint. *See generally Furnace v. Bd. of Trs.*, 218 F.3d 666, 669 (7th Cir. 2000) (noting that "while this court has not accorded talismanic importance to the fact that a complaint . . . was dismissed 'without prejudice,' generally, an order dismissing a complaint without prejudice 'is not appealable because the plaintiff may file an amended complaint.'") (internal citations and quotations omitted); *see also Kaplan v. Shure Bros.*, 153 F.3d 413, 417 (7th Cir. 1998) (same); *Farrand v. Lutheran Bhd.*, 993 F.2d 1253, 1254 (7th Cir. 1993) (same).

While "the right to amend as a matter of course is not absolute," and a district court may deny a motion to amend "if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss," *Crestview Vill. Apartments*, 383 F.3d at 558 (citing *Perkins v. Silverstein*, 939 F.2d 463, 471-72 (7th Cir. 1991) (internal quotations omitted)), there is no indication that is what happened in this case. Other than its summary denial of the plaintiff's motions, the district court made no determination regarding the sufficiency of the amended complaint nor did it provide any explanation for why it denied the motion to amend. *See Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499

F.3d 663, 666 (7th Cir. 2007) ("Reasons for finding that leave should not be granted include 'undue delay, bad faith or dilatory motive on the part of the movant, *repeated failure to cure deficiencies by amendments previously allowed*, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment.'") (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004) (same). This omission is especially notable given the district court's action in dismissing the case and entering judgment on the same day. Accordingly, we find that the district court abused its discretion by denying the plaintiff's motion to amend without explanation.[1]

### III. CONCLUSION

Accordingly, we REVERSE the decision of the district court and REMAND this case for proceedings consistent with this opinion. Circuit Rule 36 shall apply.

---

[1] The parties also brief whether the amended complaint would survive a Rule 12(b)(6) motion, but the district court never reached this issue. We decline to resolve that issue here as it is something that the district court should revisit on remand.

9-29-08