In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 07-3729

SUBHASH C. CHAUDHRY,

*Plaintiff-Appellant*,

*v.*

NUCOR STEEL-INDIANA and NUCOR CORP.,

*Defendants-Appellees*.

_____

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 07 C 0170—**Larry J. McKinney,** *Judge.*

_____

ARGUED APRIL 18, 2008—DECIDED OCTOBER 15, 2008

_____

Before BAUER, FLAUM, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Subhash C. Chaudhry sued his
employer, Nucor Steel-Indiana, alleging that Nucor
discriminated against him in violation of Title VII of the
Civil Rights Act of 1964 when it failed to give him a
raise in June 2003 and denied him the opportunity to
visit customers, which would have qualified him for
increased compensation. The district court granted Nucor's
motion to dismiss, relying on *Ledbetter v. Goodyear Tire &*

*Rubber Co.*, 127 S. Ct. 2162 (2007) to hold that Chaudhry's discrimination claim was untimely, and then terminated the case on the same day.

Because Chaudhry failed to file a timely EEOC charge regarding Nucor's failure to give him a raise in June 2003, we conclude that the district court properly granted Nucor's motion to dismiss that claim as well as any claims arising from that 2003 decision that do not involve discrete acts of discrimination. But we also determine that Nucor's failure to inform Chaudhry of opportunities to visit customers, which effectively prevented him from qualifying for an annual raise, constitutes a distinct discriminatory act that is not time barred. Therefore, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

The district court dismissed Chaudhry's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure so we must take as true the facts alleged in Chaudhry's complaint. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1078 (7th Cir. 2008). Chaudhry has been employed by Nucor, which manufactures flat rolled steel sheets, since February 1988. At the time of the complaint, Chaudhry was a Quality Control Inspector ("QCI") for the temper mill production line in Nucor's cold mill department. His job involves inspecting the quality of steel produced by the production employees of the temper mill. In June 2003, Nucor increased the pay grade for QCI's in other divisions such as the melt shop

and the hot mill by two grades. However, it did not increase the pay grade for the temper mill QCI's, which meant Chaudhry did not get a raise.

Chaudhry complained to Nucor, pointing out that his duties were more labor intensive than those of the QCI's in other divisions whose pay grades had been increased. Nucor responded with varying justifications for its decision and did not increase his pay grade. Nucor also ignored Chaudhry's complaints that his co-workers called him names, made fun of his accent and religion (Chaudhry is "of Asian-Indian descent"), placed meat on top of his safety hat, and filled his safety gloves with oil.

Additionally, Nucor prevented Chaudhry from visiting customers, which precluded him from qualifying for an annual raise in pay grade. QCI's who make at least four customer visits per year in addition to completing a course at the American Society of Materials in Cleveland, Ohio, become eligible for an increase in pay grade. QCI's are notified of opportunities to visit customers by Nucor metallurgists or supervisors. Although Chaudhry repeatedly asked to be informed of opportunities to visit customers so he could qualify for the increase in pay grade, Nucor failed to tell him about the opportunities.

Chaudhry filed a charge of discrimination with the EEOC on July 28, 2006. In the charge he complained that he was discriminated against on the basis of his race, national origin, and religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, because he did not receive a raise in pay grade, which had been approved for other QCI's three years prior.

In a separate paragraph, he stated that although Nucor has a policy of allowing one pay grade raise per year for employees who visit four of its customers and take a technical course, Nucor intentionally had prevented Chaudhry from going on customer visits. In later correspondence with the EEOC, Chaudhry also stated that he had been harassed because of his race.

Chaudhry filed suit in district court against Nucor on February 7, 2007, alleging acts of discrimination including: (1) that Nucor had given raises to QCI's in other production lines even though he does more work than the other QCI's; (2) that Nucor "consistently" informed all QCI's other than himself of opportunities to visit customers; and (3) that Nucor failed to take measures to remedy the discriminatory and harassing behavior by other employees toward Chaudhry. Chaudhry alleged that Nucor's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Nucor answered Chaudhry's complaint.

Three months later, the Supreme Court decided *Ledbetter v. Goodyear Tire & Rubber Co.*, holding that for purposes of determining the timeliness of filing an EEOC charge under Title VII, a new violation does not occur every time a paycheck based on a discriminatory pay decision is issued. 127 S. Ct. at 2163. Nucor moved to dismiss Chaudhry's complaint, arguing that Chaudhry's Title VII claims were all untimely under *Ledbetter*. The district court agreed and dismissed Chaudhry's pay discrimination claim because the decision to give the other QCI's a pay raise in June 2003 had occurred more than 300 days

prior to the filing of Chaudhry's EEOC claim. The court then dismissed Chaudhry's harassment claims, holding that they were not related to the allegations in his EEOC charge, and that his later correspondence with the EEOC indicating acts of harassment did not serve to expand the scope of his original charge. Without addressing Chaudhry's claim that he had been denied the opportunity to go on customer visits, the court dismissed Chaudhry's entire suit and entered final judgment that day.

Two days after the court dismissed Chaudhry's complaint (and final judgment), Chaudhry filed a motion to amend his complaint, seeking to add claims under 42 U.S.C. § 1981 because it has a longer statute of limitations and because it does not require plaintiffs to file an EEOC charge first. When Nucor responded that plaintiffs cannot amend a complaint once a suit has been dismissed without first asking to set the judgment aside, Chaudhry responded in his reply brief that the court could construe his motion to amend his complaint as a motion to amend judgment. The district court (apparently reading Chaudhry's reply brief as a Rule 59 motion) relied on the filing date of the reply brief to hold that the motion was untimely and denied the motion. Chaudhry filed a timely appeal.

## II. ANALYSIS

Chaudhry challenges the dismissal of his complaint, arguing that there were acts of discrimination in his complaint other than Nucor's decision not to give him a raise in June 2003. Specifically, he contends that his

complaint contained two claims that were not time-barred. Chaudhry also challenges the denial of his motion to amend, which we address after reviewing the dismissal of his complaint.

We review a district court's dismissal of a complaint pursuant to Rule 12(b)(6) de novo, accepting as true the complaint's well-pleaded allegations and drawing all favorable inferences for the plaintiff. *Tamayo*, 526 F.3d at 1081.

## A. Chaudhry's claims arising from the June 2003 no raise decision are time-barred

Before challenging an unlawful employment practice under Title VII, an employee must first file a timely EEOC charge. *Ledbetter*, 127 S. Ct. at 2166. Such a charge must be filed within 300 days after the alleged unlawful employment practice occurred or else the employee may not challenge the practice in court. *Id.* at 2166-67. The Supreme Court has emphasized the need to identify the specific employment practice that is at issue when considering whether an EEOC charge was filed on time, noting that "[t]he EEOC charging period is triggered when a discrete unlawful practice takes place, . . . [but] current effects alone cannot breathe life into prior, uncharged discrimination." *Id.* at 2169. An employment practice is a "discrete act or single occurrence that takes place at a particular point in time." *Id.* (internal quotation marks omitted). Here, one of Chaudhry's complaints is that other QCI's were given a pay grade raise in June of 2003 and he was not. This claim is time-barred; he should

have filed an EEOC charge within 300 days of June 2003. Instead, he filed his first EEOC charge years later, in July 2006.

Chaudhry does not dispute that his claim that he was denied a raise in June 2003 claim is time-barred.[1] However, Chaudhry maintains that because he continues to be paid less while being given more work than other QCI's, he has alleged an employment practice that is distinct from the June 2003 decision not to give him a raise. Because Chaudhry does not identify what "discrete act" other than the June 2003 decision caused this unequal work distribution, however, what Chaudhry's complaint boils down to is that Nucor's failure to give him a raise in 2003 was a discriminatory act that continued to have discriminatory effects into the statutory limitations period because Chaudhry continues to work more for less money than other QCI's are paid. That the June 2003 discriminatory act continues to affect Chaudhry negatively does not breathe new life into Chaudhry's claim regarding that act because under *Ledbetter*, he should have filed an EEOC charge by April 2004. Accordingly, the court correctly dismissed any claims relating to the effects of Nucor's June 2003 decision not to give Chaudhry a raise. *See Brown v. Ill. Dept. of Natural Resources*, 499 F.3d 675, 681 (7th Cir. 2007) (a plaintiff is time-barred from filing suit under Title VII for any "discrete act" about which he did not file an EEOC charge within the 300-day EEOC charging deadline).

---

[1] We note also that Chaudhry does not appeal the dismissal of his harassment claim.

**B. Chaudhry's failure to notify claims are not time-barred**

The preceding analysis does not apply to Chaudhry's claim that he was repeatedly denied the opportunity to go on customer visits, which made him ineligible for a raise. Chaudhry alleged in his complaint that:

> By consistently informing all QCIs except Plaintiff of opportunities to visit customers, Plaintiff [sic] allowed all QCIs except Plaintiff to become eligible for a pay grade, thus discriminating against Plaintiff with respect to Plaintiff's compensation, terms, conditions, and/or privileges of employment.

Chaudhry discusses this allegation in his EEOC charge, where he states that he has not been allowed to go on customer visits with others and that Nucor "has a policy of allowing one pay grade per year for visiting four of its customers and taking a technical course." Notably, though Chaudhry discusses various actions in his EEOC charge that he admits did not happen within the 300-day period prior to the filing of the charge, the allegation regarding this discriminatory action is in a separate paragraph and contains no such admission.

Chaudhry's complaint and EEOC charge allege that he has been denied a raise *every year* for failing to meet the prerequisite for the raise due to Nucor's preventative efforts, which were motivated by improper discrimination. This claim is not time-barred because every decision by Nucor not to give him a raise based on this criterion gives rise to a "fresh violation." *Ledbetter*, 127 S. Ct. at 2169 (reiterating that its holding did not apply to situations

in which an employer "engages in a series of acts each of which is intentionally discriminatory, [where] a fresh violation takes place when each act is committed"). Chaudhry indicates in one of his letters to the EEOC that in June 2006, Nucor allowed everyone an extra raise in pay grade for taking a technical course and visiting customers, which means this claim faces no statute of limitations issues.[2]

Nucor insists that *Ledbetter* disposes of this claim as well but in *Ledbetter*, by the plaintiff's own concession, *all* of the pay decisions had been made outside of the limitations period. *See Ledbetter*, 127 S. Ct. at 2166. The only action that happened within the statutory period was that Ledbetter received paychecks. Here, Chaudhry is not alleging that the only time Nucor discriminated against him was in 2003; rather, his allegations indicate that discriminatory decisions were made at least once a year.

Nucor also contends that its failure to notify Chaudhry of the customer visits does not constitute a materially adverse employment action. *See Lewis v. City of Chicago*, 496

---

[2] Contrary to Nucor's assertion, Chaudhry did not waive this argument by failing to raise it before the district court. In his opposition to Nucor's motion to dismiss, Chaudhry argued that he continued to be a victim of pay discrimination after June 2003 because Nucor engaged in other activities amounting to pay discrimination such as "informing all QCIs except for Plaintiff of opportunities to visit customers and thus become eligible for an increase in pay grade." The brief further states that these activities "fell well within the 300 day EEOC filing requirement."

F.3d 645, 652 (7th Cir. 2007) (plaintiffs must demonstrate a materially adverse employment action that resulted from the alleged discrimination). A cognizable adverse employment action is a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Bell v. E.P.A.*, 232 F.3d 546, 555 (7th Cir. 2000) (internal quotation marks omitted). Actions that deprive the employee of compensation which he otherwise would have earned constitute adverse employment actions for the purposes of Title VII. *Lewis*, 496 F.3d at 654. In *Lewis*, the plaintiff (a female police officer) claimed that because she was denied the opportunity to participate in an assignment that would have provided a unique training opportunity, she lost the ability to move forward in her career and the potential to earn future hours of overtime. We held the plaintiff could move forward on her theory that she had suffered an adverse employment action. *Id.*

Chaudhry's complaint alleges that he was denied the opportunity to visit customers which in turn precluded him from receiving a yearly raise. This sufficiently alleges a materially adverse employment action. Nucor contends that there is no guarantee that Chaudhry would have received a raise even if he was notified of the customer visits. But Nucor invites us to assume facts that are not in the complaint and that are inconsistent with Chaudhry's allegations, which we will not do. This claim was improperly dismissed.

### C.  Chaudhry's motion to amend

Finally, Chaudhry argues that the district court should have let him amend his complaint after granting Nucor's motion to dismiss. The district court granted Nucor's motion to dismiss Chaudhry's first complaint and simultaneously entered final judgment, which eviscerated Chaudhry's ability to amend his complaint. *Camp v. Gregory*, 67 F.3d 1286, 1289 (7th Cir. 1995) ("If final judgment is entered dismissing the case, however, the plaintiff loses [his right to amend]."). Although Chaudhry quickly filed a motion for leave to amend his complaint two days after the court granted Nucor's motion to dismiss, he did not invoke Rule 59 or 60 until he filed his reply brief two weeks later, when he asked the court to construe his motion to amend as a timely filed motion to reopen.

The district court, relying on the filing date of the reply brief (rather than the filing date of the original motion to amend), held that the motion was too late for Rule 59 purposes. The district court could have construed Chaudhry's motion to amend as a timely filed Rule 59 motion but it chose not to do so. *See Camp*, 67 F.3d at 1290 (district court did not abuse its discretion by permitting amended complaint to be filed following dismissal of original action and treating such motion as a properly filed motion for relief from judgment). The district court also declined to find justification to reopen the case under Rule 60.

Because we are remanding the case, Chaudhry may refile his motion to amend (which we assume he will do) so we

need not consider whether the district court abused its discretion in denying Chaudhry's motion to reopen. But we note the district court's treatment of this case. First, terminating a case on the same day that a court grants a motion to dismiss a complaint is a somewhat unorthodox practice. *See Foster v. DeLuca*, No. 05-1491, — F.3d —, 2008 WL 4378173, at *2 (7th Cir. Sept. 29, 2008). Second, although a district court is not *compelled* to treat a motion to amend as a motion to reopen, *see Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 784 (7th Cir. 1994), it seems a bit "hyper-technical" for the court to have denied Chaudhry's motion on that basis. *Paganis v. Blonstein*, 3 F.3d 1067, 1074 (7th Cir. 1993) (Cudahy, J. concurring). Although we appreciate that Chaudhry had three months after *Ledbetter* was issued to amend his complaint with a section 1981 claim, Chaudhry acted expeditiously after the dismissal, the record indicates that discovery had barely begun, and it is not clear that his amendment would have been futile.

## III. CONCLUSION

For the reasons stated above, we AFFIRM the district court's dismissal of claims arising from Nucor's June 2003 decision not to give Chaudhry a raise but REVERSE the district court's dismissal of Chaudhry's claims regarding Nucor's failure to notify him of opportunities to visit customers. The case is REMANDED for proceedings consistent with this opinion.