NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**MICROTHIN.COM, INC.,**
*Plaintiff-Appellant,*

**v.**

**SILICONEZONE USA, LLC,**
*Defendant.*

---

2010-1079

---

Appeal from the United States District Court for the Northern District of Illinois in case No. 06-CV-1522, Judge Virginia M. Kendall.

---

Decided: May 20, 2010

---

JOHN S. LETCHINGER, Wildman, Harrold, Allen & Dixon LLP, of Chicago, Illinois, for plaintiff-appellant. With him on the brief was GREGORY M. SMITH.

---

Before BRYSON, GAJARSA, and MOORE, *Circuit Judges*.

PER CURIAM.

Microthin.com, Inc. (Microthin) sued SiliconeZone USA, LLC (SiliconeZone) in the United States District Court for the Northern District of Illinois for infringement of claims of U.S. Patent No. 5,942,311 (the '311 patent) and U.S. Patent No. 5,997,995 (the '995 patent). The district court ruled, on summary judgment, that the claims were invalid as anticipated by U.S. Patent No. 5,738,325 (the Brown patent). *Microthin.com, Inc. v. SiliconeZone USA, LLC*, No. 06-CV-1522, 2009 U.S. Dist. LEXIS 38100 (N.D. Ill. May 6, 2009) (*Opinion*). The district court found that Microthin had not asserted infringement of any other claims, denied Microthin's motion to amend its complaint, and dismissed the case. For the following reasons, we *affirm*.

## BACKGROUND

The '311 patent claims a thin, non-slip mat or pad made of plastic. The '995 patent, a divisional of the '311 patent, claims a method for making such a mat or pad. Each patent has one independent claim and several dependent claims. In the Background Facts section of the complaint, Microthin stated that "SiliconeZone's 'KITCHENZONE' Cutting Boards are one of Silicone-Zone's products which infringe at least Claim 1 of the '311 patent and the '995 patent." J.A. 157. SiliconeZone filed an answer and counterclaims, including counterclaims for invalidity and unenforceability of the '311 and '995 patents.

At the close of fact discovery, SiliconeZone filed a motion for summary judgment of invalidity of claim 1 of the '311 and '995 patents. The district court asked the parties to file a joint claim construction chart. In the joint claim construction chart, Microthin offered constructions for all the claims in both the '311 and '995 patents, asserting that all the claims of the patents had been at issue

throughout the pendency of the case. J.A. 253-66. SiliconeZone stated in the chart that Microthin had not alleged infringement of any dependent claims, and therefore SiliconeZone did not offer constructions of any claims except for claim 1 of each patent. J.A. 253, 261.

On May 6, 2009, the district court issued a Memorandum Opinion and Order construing disputed terms of claim 1 of both patents-in-suit. The court then analyzed claim 1 of each patent in light of the Brown patent and concluded that in light of its claim construction, there was no genuine issue of material fact in dispute. *Opinion* at 15, 17. The district court granted summary judgment of invalidity of claim 1 of each patent.

After the district court granted summary judgment of invalidity in favor of SiliconeZone, the district court asked the parties to submit position papers to determine if any asserted claims remained in the case. SiliconeZone's position was that Microthin only asserted claim 1 of each patent and therefore the grant of summary judgment resolved the case. Microthin argued that the dependent claims had always been asserted and were still at issue. The district court determined that Microthin had only asserted claim 1 of each patent throughout the litigation, and had not placed any other claims at issue. Because the dependent claims were not at issue, the district court construed Microthin's position paper as a motion for leave to amend its complaint, which the district court denied. The district court reasoned that because the parties had already conducted discovery and prepared dispositive motions, justice would not be served by permitting Microthin to amend its complaint.

Microthin appeals the district court's grant of summary judgment of invalidity, arguing that the district court incorrectly construed the term "non-slip" in claim 1 of both patents. Microthin also appeals the district court's

denial of its motion to amend its complaint. We have jurisdiction pursuant to 35 U.S.C. § 1295(a)(1).

DISCUSSION

I

We review a district court's grant of summary judgment *de novo*. *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 563 F.3d 1358, 1365 (Fed. Cir. 2009). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When determining whether a genuine issue of material fact exists, we view the evidence in the light most favorable to the nonmoving party and resolve all doubts in its favor. *Eli Lilly & Co. v. Barr Labs., Inc.*, 251 F.3d 955, 962-63 (Fed. Cir. 2001). Claim construction is a question of law that this court reviews *de novo. See Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1456 (Fed. Cir. 1998) (en banc). We give claim terms their ordinary and accustomed meaning as understood by one of ordinary skill in the art. *Hockerson-Halberstadt, Inc. v. Avia Group Int'l, Inc.*, 222 F.3d 951, 955 (Fed. Cir. 2000). "It is well-settled that, in interpreting an asserted claim, the court should look first to the intrinsic evidence of record, i.e., the patent itself, including the claims, the specification and, if in evidence, the prosecution history . . . . Such intrinsic evidence is the most significant source of the legally operative meaning of disputed claim language." *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996).

Claim 1 of the '311 patent states:

A *non-slip* mat or pad consisting of a transparent plastic sheet having an upper surface and a lower surface, a coating of one or more inks forming a design on the lower surface and adapted to show

through the plastic sheet to be seen through the top surface, and a *non-slip* coating adhering to the lower surface and inked coatings to form a mat or pad having a thickness in the range of 1.0 to 30.0 mils.

'311 patent col.4 l.64-col.5 l.3 (emphasis added). Claim 1 of the '995 patent states:

A method for manufacturing a *non-slip* mat or pad, including the steps of providing a mat or pad formed of a plastic material, printing a design or logo to show on the upper surface of the mat, and applying a *non-slip* surface to the underside of the mat or pad with the total thickness of the mat or pad in the range of 1.0 to 30.0 mils.

'995 patent col.5 ll.4-9 (emphasis added).

The district court construed "non-slip" to mean "reduces or prevents smooth sliding motion." *Opinion* at 7, 12. Microthin challenges the district court's interpretation, arguing that "non-slip" means "to reduce or prevent smooth sliding motion *without being sticky to the touch*." To support its proposed construction, Microthin points to two places in the specifications where the patents discuss a non-slip surface that is not sticky to the touch. *See* '311 patent col.1 ll.6-10, col.3 ll.3-5; '995 patent col.1 ll.7-11, col.3 ll.7-11.

We agree with the district court that the plain and ordinary meaning of "non-slip" is "reduces or prevents smooth sliding motion" and does not distinguish between sticky and non-sticky characteristics. Claim 1 in each patent does not include any limitation suggesting that the non-slip surface must not be sticky to the touch. Moreover, dependent claim 8 of the '311 patent adds a single limitation to claim 1, "wherein the non-slip surface is *not sticky to the touch*." '311 patent col.6 ll.4-5 (emphasis added). "[T]he presence of a dependent claim that adds a

particular limitation gives rise to a presumption that the limitation in question is not present in the independent claim." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005) (en banc). In cases such as this, "where the limitation that is sought to be 'read into' an independent claim already appears in a dependent claim, the doctrine of claim differentiation is at its strongest." *Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 910 (Fed. Cir. 2004). Hence, the claim language fully supports the district court's construction.

Microthin also cites the specification as indicating that the non-slip surface is not sticky. These statements do not, however, justify interpreting the term non-slip different from its plain and ordinary meaning. The patentee did not, in this case, act as his own lexicographer defining "non-slip" contrary to its plain and ordinary meaning. To be his own lexicographer, a patentee must use a "special definition of the term [that] is clearly stated in the patent specification or file history." *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1580 (Fed. Cir. 1996); *see also CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1366 ("[T]he claim term will not receive its ordinary meaning if the patentee acted as his own lexicographer and clearly set forth a definition of the disputed claim term in either the specification or prosecution history."). Here, the specification contains no such clear definition of "non-slip." The preferred embodiment does indicate that the non-slip surface is not sticky to the touch. *See* '311 patent col.3 ll.1-5; '995 patent col.3 ll.7-11. Additionally, in the Technical Field of the patent there is also a mention of the non-slip surface not being sticky. *See* '311 patent col.1 ll.4-8 ("The invention disclosed . . . provides the required frictional characteristics to prevent slipping upon substantially any surface without being sticky to the touch."); '995 patent col.1 ll.7-11 (same). These refer-

ences, however, do not amount to a clear definition of non-slip.

Likewise, the specification and prosecution history do not present a clear disclaimer such as the patents in *SciMed Life Systems, Inc. v. Advanced Cardiovascular Systems*, 242 F.3d 1337 (Fed. Cir. 2001). We have stated that "claim terms take on their ordinary and accustomed meanings unless the patentee demonstrated an intent to deviate from the ordinary and accustomed meaning of a claim term by redefining the term or by characterizing the invention in the intrinsic record using words or expressions of manifest exclusion or restriction, representing a clear disavowal of claim scope." *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1327 (Fed. Cir. 2002). In *SciMed*, the patents at issue related to balloon dilatation catheters containing passageways, or lumens. 242 F.3d at 1339. Only two types of lumen arrangements, dual (or adjacent) and annular (or coaxial), were known and practiced in the prior art. *Id.* Although the asserted claims did not claim a particular lumen arrangement, *see id.* at 1340, we determined that the common specification of the patents "lead[s] to the inescapable conclusion that . . . the asserted claims read only on catheters having coaxial lumens." *Id.* at 1342. For example, the abstract identified the lumen as annular, the written description distinguished the prior art by discussing the disadvantages of dual lumen configurations, the "Summary of the Invention" described the invention numerous times as having an annular lumen, and a section describing preferred embodiments stated that "all embodiments of the present invention contemplated and disclosed herein" had an annular lumen arrangement. *Id.* at 1342-43. We stated that "[t]he words 'all embodiments of the present invention' are broad and unequivocal," and that they "cannot reasonably be interpreted as limited to the preferred invention." *Id.* at 1344.

In contrast, in *Liebel-Flarsheim*, we reversed the district court's construction of claims related to powered injectors used in medical applications. 358 F.3d at 900. Although none of the asserted claims expressly referred to a pressure jacket—a jacket that surrounds a syringe and prevents it from breaking under pressure from the injection fluid—the district court concluded that "the specification makes clear that the injector includes a pressure jacket." *Id.* at 901 (citation omitted). The Appellee made several arguments as to why the district court's construction was correct: (1) all the embodiments described in the specification featured pressure jackets, *id.* at 905; (2) the abstract described the invention as including a pressure jacket, *id.* at 908; (3) the Summary of the Invention described two objectives of the invention in terms of use with pressure jackets, *id.*; and (4) the Summary of the Invention also described a "principle[] of the present invention" in terms of use with pressure jackets, *id.* Although all the embodiments contained pressure jackets, we nonetheless determined that "the written description does not contain a clear disavowal of embodiments lacking a pressure jacket." *Id.* With respect to the language in the abstract, we stated that it "does not suggest that a pressure jacket is an essential component of the invention, nor is there any language in that passage, or elsewhere in the specification, that disclaims the use of the invention in absence of a pressure jacket." *Id.*

The language in the specifications of the '311 and '995 patents does not constitute a clear disclaimer of sticky non-slip surfaces. Here, two statements in the specification mention that the non-slip surface is not sticky to the touch—one in the Technical Field and one in the description of the preferred embodiment. The remainder of the disclosure describes the non-slip surface as "tacky." *See, e.g.*, Abstract, col.2 ll.63-66, col.4 ll.54-60. The term "tacky" is commonly understood as "sticky to the touch."

*Opinion* at 12 (citing Merriam-Webster's Collegiate Dictionary 1199 (10th ed. 1996)).  Nowhere in the specification does it suggest that a non-sticky surface is "an essential component of the invention," nor does it clearly disclaim the use of a sticky surface. *See Liebel-Flarsheim*, 358 F.3d at 908.  We conclude that the district court correctly construed the non-slip limitation by giving it the plain and ordinary meaning.

Although anticipation is a question of fact, it may be decided on summary judgment if there is no genuine dispute of material fact. *Leggett & Platt, Inc. v. VUTEk, Inc.*, 537 F.3d 1349, 1352 (Fed. Cir. 2008).  Because Microthin's appeal of anticipation hinged entirely on our adoption of its claim construction of non-slip, we affirm the district court's grant of summary judgment; claim 1 of each patent is invalid.

## II

The final issue appealed by Microthin is the district court's denial of Microthin's motion to amend its complaint, a procedural issue.  "To review a purely procedural question not pertaining to patent law, . . . this court again applies the rule of the regional circuit." *Phonometrics, Inc. v. Hospitality Franchise Sys.*, 203 F.3d 790, 793 (Fed. Cir. 2000).  The Seventh Circuit reviews a district court's denial of a request for leave to amend for abuse of discretion. *See Foster v. DeLuca*, 545 F.3d 582, 583 (7th Cir. 2008).  Under Seventh Circuit law, a district court abuses its discretion in the denial of a motion for leave to amend only if the district court "refus[es] to grant the leave without any justifying reason." *Brunt v. Seiu*, 284 F.3d 715, 720 (7th Cir. 2002).

Microthin argues that even if the independent claims of the patents are invalid, the district court improperly terminated the case because all claims of the patents are at issue.  To support its assertion that the dependent

claims are at issue, Microthin points to several places in its complaint and other documents where it alleged that SiliconeZone was infringing "the '995 Patent" or "the '311 Patent," as well as statements that SiliconeZone was infringing "at least" the independent claims. Microthin also points to its interrogatory answers, where it asserted that SiliconeZone may have products that infringe other claims and that Microthin reserved the right to supplement its answer pending further discovery.

The district court concluded that Microthin never asserted dependent claims of the patents during the course of the case, despite several opportunities to do so. We see no clear error in the district court's conclusion. Microthin identified one allegedly infringing product in its complaint—SiliconeZone's KitchenZone cutting boards—and two asserted claims. J.A. 157, 159-60. The addition of the language "at least" did not constitute the assertion of additional claims. In SiliconeZone's first set of interrogatories, Microthin was requested to identify "how each element of each relevant claims [sic] is met by Silicone-Zone's product," and also to "[i]dentify, by specific claim language, any and all limitations in the claims of the '311 patent and the '995 patent, that Microthin asserts SiliconeZone's product falls within." J.A. 286. Microthin responded that "SiliconeZone Kitchenzone Cutting Boards . . . infringe at least Claim 1 of the patents in suit as set forth below," and provided a claim chart comparing the identified cutting boards with claim 1 of the '311 patent. J.A. 283. Microthin further stated that "SiliconeZone's products are made by the patented process of at least Claim 1 of the '995 patent . . . . Discovery is ongoing and Microthin reserves the right to supplement its answer pending further discovery." *Id.* Although Microthin reserved the right to supplement its response, it never did.

In response to SiliconeZone's second amended motion for summary judgment, Microthin stated that "defendant's products infringe at least claim 1 of each of the patents-in-suit and may infringe additional dependent claims, which will be determined at a later date based on discovery, which has currently been stayed by the Court." J.A. 270-71. Similarly, in a reply brief to the court on its motion to resume discovery, Microthin stated that "Defendant's yet to be discovered products and processes may very well infringe [the dependent] claims as well. However, Defendant has not provided the relevant discovery for Microthin to be able to make this determination." J.A. 234. At no point did Microthin make any particular assertions of infringement of any claims other than claim 1. Even on appeal, Microthin does not identify any SiliconeZone products that it alleges to infringe any of the dependent claims of the patents.

The district court did not abuse its discretion by denying Microthin leave to amend its complaint in order to remedy its failure to identify other asserted claims. The district court determined that because discovery was complete at the time of Microthin's motion and dispositive motions had been prepared, justice would not be served by granting Microthin's motion. Further, as discussed above, the district court noted that Microthin had failed to previously amend its complaint despite prior opportunities to do so.

Microthin disputes that discovery was closed in the case, citing to the district court's striking of the case schedule on December 7, 2006. The district court had ordered that fact discovery be closed by December 6, 2006. Hence, at the time the district court struck the case schedule, fact discovery had in fact concluded. In a hearing on April 10, 2007, the district court decided to reopen discovery only as it related to invalidity, not to infringement. We see no abuse of discretion in the district court's

decision not to extend discovery to allow Microthin to attempt to find evidence to possibly support additional allegations of infringement.

CONCLUSION

For the foregoing reasons, we affirm the issues on appeal.

**AFFIRMED**