NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 23, 2014[*]
Decided January 23, 2014

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 13-1771

| | |
|---|---|
| JAMES E. DUNMORE, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 11-1000-GPM |
| | |
| SALVADOR GODINEZ, et al., | G. Patrick Murphy, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

James Dunmore, an Illinois prisoner, claimed that the defendants in this suit under 42 U.S.C. § 1983 denied him adequate medical care in violation of the Eighth

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Amendment. The district court dismissed the action on the ground that Dunmore's complaint fails to state a claim. Dunmore did not appeal that decision, and instead he moved to amend his complaint ten months after the dismissal. The district court denied the motion, and Dunmore has appealed that ruling.

Dunmore filed an amended complaint naming as defendants the director of the Department of Corrections and the medical director and two physicians at Menard Correctional Center, where Dunmore was confined when he underwent back surgery in November 2011. Dunmore alleged that after his discharge from the hospital the defendants refused to provide him with the prescription pain medication, postoperative physical therapy, and walker that his surgeon had ordered. The district court screened the amended complaint, *see* 28 U.S.C. § 1915A, and dismissed the lawsuit sua sponte.

The judgment was entered in March 2012. Dunmore now says that he never received it, and in December 2012 he filed a motion asking the district court for a status update on his lawsuit. The following month, while waiting for a response from the district court, Dunmore filed a motion seeking leave to submit a second amended complaint. The district court denied Dunmore's motions in March 2013, explaining that his lawsuit had been dismissed a year earlier and thus it was too late to further amend the complaint. Only then did Dunmore file a notice of appeal, and we have alerted him that our review is limited to the order denying these two postjudgment motions.

A district court's refusal to grant permission to file a second amended complaint is reviewable only for an abuse of discretion. *See Foster v. DeLuca*, 545 F.3d 582, 583 (7th Cir. 2008); *Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003); *Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 204 (7th Cir. 1985). Once judgment has been entered, as it was here, a "'district court lacks jurisdiction to entertain a motion for leave to amend the complaint unless the plaintiff also moves for relief from the judgment.'" *Foster*, 545 F.3d at 584 (quoting *Camp v. Gregory*, 67 F.3d 1286, 1289–90 (7th Cir. 1995)); *see Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832, 838 (7th Cir. 2008). Although typically a district court may construe a postjudgment request to amend the complaint as a motion to reconsider or vacate the underlying dismissal, *see* FED. R. CIV. P. 59(e), 60; *Chaudhry*, 546 F.3d at 839; *Camp*, 67 F.3d at 1290, the court is not obligated to do so and, in this instance, had no basis to do so. Dunmore's postjudgment request to amend his complaint was filed well outside the 28-day deadline for a motion to reconsider, *see* FED. R. CIV. P. 59(e), and his filing could not have been construed as a motion seeking relief from judgment, *see* FED. R. CIV. P. 60(b), because Dunmore insists he was still unaware that his lawsuit had been dismissed.

(Dunmore later filed another postjudgment motion challenging the dismissal, but he did not appeal the district court's denial of that motion, and thus we lack jurisdiction to review the adverse ruling.) Accordingly, because Dunmore did not ask for relief from the dismissal when he filed his postjudgment motion to amend his complaint, the district court did not abuse its discretion in denying that motion.

                                                                                AFFIRMED.