**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 20, 2019[*]
Decided April 23, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-1381

| | |
|---|---|
| GARFIELD PHILLIPS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 16 C 8233 |
| PHYLLIS BAXTER, *et al.,* *Defendants-Appellees.* | Charles P. Kocoras, *Judge.* |

**O R D E R**

Garfield Phillips, a former employee of the Illinois Department of Human Services, quit his job because, he says, his supervisors harassed him and discriminated against him. He sued the Department and four of his former supervisors, alleging national-origin and ethnicity discrimination, retaliation, conspiracy, and intentional

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. Rule 34(a)(2)(C).

infliction of emotional distress. The district court granted a motion to dismiss the complaint for failure to state a claim and then denied leave to file a proposed amended complaint for the same reason. Because Phillips stated a claim for discrimination, we partially vacate the dismissal and remand for further proceedings.

This case was resolved on the pleadings, so we accept the allegations in Phillips's complaint and proposed amended complaint as true. Phillips, who describes himself as a man of African ancestry and Antigua African ethnicity, worked as a case manager for the Department for 31 years. In 2013, he filed an EEOC discrimination charge against his supervisor, Gayle Stricklin, and a Title VII lawsuit against Stricklin and another supervisor, Phyllis Baxter. (The events leading to the EEOC charge and Title VII suit are not the subject of this suit.) After that, they retaliated and continued to discriminate against him.

Phillips criticized Baxter's management and reported her to his union for falsifying timesheets. Baxter in turn accused him of "unauthorized use of time status," but she withdrew the charge because his absences were approved. Baxter also tried to access Phillips's personal medical records; he filed a grievance with his union. Baxter began curtailing Phillips's work, but not that of other case managers. Phillips could make only local calls; he had to do "common casework" outside of his usual managerial duties; he could not file reports; and he could not instruct, train, or assign work to staff. His "security profile" was reduced, and he was not invited to meetings and training sessions.

Phillips interviewed for two promotions ("Public Service Administration" and "Region 2 SNAP Accuracy-Liaison") while under Baxter's supervision. Though Phillips had a longer tenure at the Department and was more qualified, Stricklin awarded one of the positions to supervisor Rose Norris. Baxter received the other position, even though she never applied for it.

Baxter, Strickland, Norris, and another supervisor (William Willis) tried to transfer Phillips to another office, but he refused. Baxter threatened to fire Phillips for insubordination if he did not accept the transfer. One day she demanded that Phillips report to his new location, but he would not. An hour later, Stricklin told him that he had been transferred, and Baxter screamed at him to leave before she called the cops or "something bad" happened to him. Fearing for his safety, Phillips left the office. That afternoon, his union told him that he was barred from his former worksite and that he was transferred because his experience was needed at the other office.

Phillips "voluntarily terminated" his employment in March 2016 because he feared "false" discipline and physical harm. The Department prohibited Phillips from entering three nearby offices where his friends worked and declined to consider him for work customarily available to former employees.

Phillips sued Baxter, Stricklin, Norris, Willis, and the Department. He claimed that (1) Baxter, Stricklin, Norris, and Willis conspired to discriminate against him because of his Antigua African ethnicity, *see* 42 U.S.C. § 1985(3); (2) Baxter and Stricklin retaliated against him because of the 2013 EEOC charge and Title VII lawsuit, *see* 42 U.S.C. § 1981(a); (3) Stricklin, Baxter, and the Department intentionally inflicted emotional distress on him; and (4) Stricklin and the Department violated his employment contract by transferring him without his consent.

The defendants moved to dismiss the complaint for failure to state a claim. In response, Phillips moved for leave to amend.[1] The court denied him leave because the defendants already had challenged his initial complaint. The court later granted the defendants' motion to dismiss and entered judgment on the same day. It ruled that Phillips had alleged only a legal conclusion that the defendants were "motivated by discriminatory based ethnocentrism," and so he failed to state a claim for a conspiracy to discriminate. Alternatively, the intra-corporate conspiracy doctrine barred the claim because a conspiracy cannot exist between members of the same entity except in "egregious circumstances." Phillips's claim of retaliation failed, the court said, because § 1981 does not provide a right of action against state actors. Next, the court found the alleged misconduct insufficiently "extreme and outrageous" to state a claim for intentional infliction of emotional distress.

Phillips again moved for leave to amend his complaint; in the proposed first amended complaint, he offered the same general narrative but identified new legal theories of relief. This time, he asserted that that Baxter and Stricklin discriminated against him in violation of the Fourteenth Amendment, *see* 42 U.S.C. § 1983, and that the Department failed to properly train and supervise its employees, *see id.*; he also invoked *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978). Finally, he claimed that Baxter and Stricklin committed intentional infliction of emotional distress and negligence.

---

[1] Phillips had the right to amend his complaint for the first time, without leave of court, for 21 days after being served with the motion to dismiss. *See* FED. R. CIV. P. 15(a). But he requested leave more than a month after the motion was filed.

The district court orally granted Phillips leave to file the amended complaint and explained that the defendants could challenge the new complaint. The docket entry for the hearing, however, notes that Phillips's motion was "entered," not "granted." The defendants then opposed the motion for leave to amend in writing, arguing that any amendment would be futile because the proposed amended complaint did not state a claim. The district court agreed with the defendants and denied Phillips's motion for leave.

Before turning to the merits, we must first assure ourselves of our jurisdiction. *Blue v. IBEW, Local Union 159*, 676 F.3d 579, 582 (7th Cir. 2012). A post-judgment motion under Rule 59(a) or Rule 60 of the Federal Rules of Civil Procedure, filed within 28 days of judgment, tolls the 30-day period in which a party must file a notice of appeal to preserve appellate jurisdiction. 28 U.S.C. § 2107(a); FED. R. APP. P. 4(a)(1), (4)(A)(v), (vi); *Blue*, 676 F.3d at 582. Here, the district court entered judgment on May 24, 2017. Twenty-six days later, Phillips moved to "refile" his amended complaint. Liberally construing his pro se filing, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), we treat Phillips's motion as one under Rule 59(e) or Rule 60. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Northwest Ind.*, 786 F.3d 510, 521 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Chaudhry v. Nucor Steel-Ind.*, 546 F.3d 832, 839 (7th Cir. 2008) (not treating motion to amend complaint as post-judgment motion is "hyper-technical"). The court denied that motion on January 19, 2018, and Phillips filed a notice of appeal on February 20. Thus, his appeal is timely (the last day of the 30-day period was a Sunday, and the next day was a Federal holiday), *see* FED. R. APP. P. 26(a)(1)(C).

On appeal, Phillips first argues that the dismissal of his original claim under 42 U.S.C. § 1985(3) was erroneous because the intra-corporate conspiracy doctrine is an affirmative defense that he was not required to plead around. Generally, affirmative defenses do not justify a dismissal for failure to state a claim, but a plaintiff may "plead [himself] out of court" by alleging the essential elements of such a defense. *John K. Maciver Inst. For Pub. Policy v. Schmitz*, 885 F.3d 1004, 1014 (7th Cir. 2018). But we need not consider whether Phillips pleaded a conspiracy claim under § 1985(3) because it would be superfluous to his claims under § 1983. Section 1985(3) serves to permit recovery from a private actor who has conspired with state actors. *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009). "All the defendants are state actors, so a § 1985(3) claim does not add anything except needless complexity." *Id.*

Phillips next argues that the district court abused its discretion by reneging on its oral decision to grant Phillips leave to amend his complaint. But a district court has

discretion to reconsider its interlocutory rulings, subject to the law-of-the-case doctrine. *See* FED. R. CIV. P. 54(b); *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012). In any event, "[w]hen reviewing the denial of leave to amend based on futility, we apply de novo the legal-sufficiency standard of Rule 12(b)(6) [of the Federal Rules of Civil Procedure] to determine if the proposed amended complaint fails to state a claim." *O'Boyle v. Real Time Resolutions*, 910 F.3d 338, 347 (7th Cir. 2018). So, the same standard applies no matter how the defendants challenged the sufficiency of the amended complaint.

As to the proposed amended complaint's adequacy, Phillips first contends that the district court's analysis was flawed because it considered whether he stated a discrimination claim under § 1981 and not § 1983. It is true that a plaintiff is not required to plead legal theories. *See Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017); *ACF 2006 Corp. v. Mark C. Ladendorf, Attorney at Law, P.C.*, 826 F.3d 976, 981 (7th Cir. 2016) ("Making legal arguments in support of one's claim comes after the pleading."). Therefore, invoking the wrong theory in the complaint is not fatal. *BRC Rubber & Plastics v. Cont'l Carbon Co.*, 900 F.3d 529, 541, 543 n.36 (7th Cir. 2018). All a complaint must do is narrate a grievance sufficiently to place the defendants on notice of the challenged conduct. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014).

For this reason, the district court would have been wrong to reject the amended complaint only on the ground that § 1981 does not provide remedies against state actors. That is true, *see Campbell v. Forest Pres. Dist. of Cook Cty., Ill.*, 752 F.3d 665, 671 (7th Cir. 2014), but its prohibitions are enforceable against state actors through § 1983, *see Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731 (1989); *de Lima Silva v. Dep't of Corrections*, -- F.3d --, n.12, No. 18-2561, 2019 WL 849989 (7th Cir. 2019); *Goldberg v. 401 N. Wabash Venture LLC*, 755 F.3d 456, 466 (7th Cir. 2014). Therefore, the district court had to, and did, examine whether the substance of the allegations added up to a plausible claim that the defendants discriminated against Phillips in his right to make and enforce contracts, *see* 42 U.S.C. § 1981. The district court concluded, however, that Phillips's allegations of discriminatory intent—that the defendants were "motivated by discriminatory based ethnocentrism"—were too conclusory. (The district court also determined that Phillips did not state a retaliation claim under § 1981, but on appeal Phillips expressly disclaims any intention to pursue a retaliation claim.)

But Phillips's allegations sufficed to state a claim of discrimination based on his ethnicity and national origin. "Intent … may be alleged generally." FED. R. CIV. P. 9(b); *Alexander v. United States*, 721 F.3d 418, 424 (7th Cir. 2013). And, whether we look to § 1981 or the Equal Protection Clause (both by way of § 1983), we assess Phillips's

allegations the same way we would under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17. *See Huri v. Office of Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 833 (7th Cir. 2015) (section 1983); *Smiley v. Columbia Coll. Chicago*, 714 F.3d 998, 1002 (7th Cir. 2013) (section 1981). (Again, Phillips does not argue that he stated a claim under Title VII or suggest that he met the prerequisites for such a suit, such as filing a timely administrative charge.) To state a claim of discrimination, Phillips needed to allege only that the employer instituted a specific adverse employment action against him based on his national origin or ethnicity. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Carlson*, 758 F.3d at 827; *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 633 (7th Cir. 2013).

Here, Phillips did just that: according to the proposed amended complaint, his managerial duties were replaced, he was rejected for promotions, and he was transferred to an inferior location because he is from Antigua and of Antigua African ethnicity. The district court applied the wrong standard, relying on decisions resolved at summary judgment, *e.g.*, *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006) (discrimination); *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 758 (7th Cir. 2006) (retaliation), that assessed the sufficiency of the plaintiff's evidence needed to take the claims to a jury. *See Carlson*, 758 F.3d at 827.

The district court was correct, however, to conclude that amending the complaint to bring a *Monell* claim against the Department was futile. As a state agency, the Department is an arm of the state, 20 ILCS 5/5-15, and states are not suable "persons" under 42 U.S.C. § 1983. *Sebesta v. Davis*, 878 F.3d 226, 231 (7th Cir. 2017). *Monell* applies only to local government units that are not considered part of the state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). And because Phillips did not allege anything from which to infer that he had a protected property interest in his job, *see Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 904 (7th Cir. 2011), he did not state a due-process claim under §1983 either.

As to the state-law claims, after dismissing Phillips's federal claims at such an early stage of litigation, the district court should have followed the presumption of relinquishing jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3); *Howlett v. Hack*, 794 F.3d 728 (7th Cir. 2015). That way, Phillips would have been free to pursue them in state court. *Id.* On remand, the court should reexamine the state-law claims once the federal claims have been resolved. We note that the allegations underlying Phillips's intentional infliction of emotional distress and negligence claims may constitute civil rights violations under the Illinois Human Rights Acts, which prohibits discrimination based

on national origin. *See* 775 ILCS §§ 5/1-103(Q), 5/2-102(A). And if Phillips has not sufficiently alleged the elements of these common-law claims *independent* of any duties created by the Act, then his exclusive recourse is to bring them before the Illinois Human Rights Commission. *See id.* § 5/8-111(D); *Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 934 (7th Cir. 2017); *Schroeder v. RGIS, Inc.*, 992 N.E.2d 509, 517 (Ill. App. Ct. 2013).

The judgment is VACATED in part, with respect to the dismissal of Phillips's claim of unlawful discrimination, and the case is REMANDED for further proceedings consistent with this order. The judgment is AFFIRMED in all other respects.