NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 23, 2021[*]
Decided November 29, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 20-2650

| | |
|---|---|
| MARIO HARRIS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 20-C-950 |
| | |
| MICHAEL MEISNER, *et al.*, | William C. Griesbach, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Mario Harris, a Wisconsin prisoner, appeals the dismissal of his complaint under 42 U.S.C. § 1983, in which he alleged that prison staff members lost or destroyed his legal materials and retaliated against him for filing grievances. Because the district court

---

[*] The appellees were not served with process and are not participating in this appeal. We have agreed to decide the case without oral argument because the appellant's brief and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

entered final judgment without ever allowing Harris an opportunity to amend his complaint, we vacate the judgment and remand for further proceedings.

In his complaint, Harris alleges that he was transferred to Redgranite Correctional Institution in 2018 because of grievances he had filed at his previous prison. Several boxes of discovery materials for various civil and criminal cases accompanied Harris to Redgranite. But staff members there informed him that prison policy prevented him from storing the materials in his cell; they would be destroyed if he did not find somewhere else to keep them. He managed to place the materials with his sister, but she had to abandon them when she suddenly lost her housing.

In March 2019, the prison received several additional boxes of Harris's legal materials, including 27 discs of discovery material, from his former attorney. These were examined by staff, and three of the discs were flagged for review. One later went missing. Harris was limited to 50 minutes per week to review his materials, which he says is less than what is normally permitted. He filed grievances about the time limit, which he said interfered with legal challenges to his criminal conviction and sentence.

When the grievances did not resolve his problems, Harris sued. He asserted that, by insisting on reviewing his discovery materials—and possibly causing some to go missing—a prison librarian violated policies of the Wisconsin Department of Corrections, as well as his right to due process under the Fourteenth Amendment. He also alleged that a correctional officer destroyed a disc containing discovery materials in retaliation for Harris filing grievances, in violation of his First Amendment rights. Finally, Harris claimed that various defendants unconstitutionally interfered with his right to access the courts by destroying some discovery materials and limiting his time to work with others.

The district court dismissed Harris's complaint at screening, *see* 28 U.S.C. § 1915A, for failure to state a claim against any of the defendants. The court concluded that the librarian had not violated any policy and, even if she had, a policy violation in itself cannot give rise to a federal due-process claim. And although prison policy might have caused Harris's sister to take possession of his discovery materials, no defendant was responsible for their ultimate loss. The court also determined that the "only plausible inference" explaining the loss of one of the three discs of litigation material seized at the prison was negligence. The defendants had no apparent motive, and Harris did not allege that any defendant made a comment "suggesting [the defendants] were upset about his grievances." Finally, the court concluded that Harris could not

state an access-to-courts claim based on restricted access to discovery materials because his alleged injury was too speculative, in part because it was not clear if he had ever even filed a collateral attack on his conviction and sentence.

The district court dismissed the complaint with prejudice and simultaneously directed the entry of final judgment, *see* FED R. CIV. P. 58(b), without giving Harris a chance to amend his complaint. Harris filed a notice of appeal and, on the same day, moved for leave to file an amended complaint. The district court denied Harris's motion for leave to amend in a brief text order, explaining that that his notice of appeal had divested it of jurisdiction.

On appeal, Harris argues that the district court erred by not allowing him to amend his complaint. We agree. We review denials of leave to amend for abuse of discretion. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015). We have noted that it is "a somewhat unorthodox practice" to close a case at the same time as dismissing the complaint because it "eviscerate[s]" the plaintiff's ability to amend his complaint. *Chaudhry v. Nucor Steel-Ind.*, 546 F.3d 832, 838–39 (7th Cir. 2008). Plaintiffs should ordinarily be given at least one opportunity to amend a complaint before the entire action is dismissed. *Runnion*, 786 F.3d at 519; *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010); *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 & n. 3 (7th Cir. 2004) (collecting cases). This applies equally to prisoners and pro se litigants proceeding in forma pauperis. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (noting the rule applies to prisoners); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022–23 (7th Cir. 2013) (noting the rule applies to IFP pro se plaintiffs). If, however, it is "*certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted," entering final judgment is appropriate. *Runnion*, 786 F.3d at 520 (emphasis in original) (quotation marks and citation omitted).

Here, however, the district court did not say that amendment would be futile; it did not give any reason for the with-prejudice dismissal. And the screening order suggests that some added factual allegations could have rendered at least some claims plausible. Our de novo review of the complaint does not persuade us that it is beyond all hope that Harris might state a claim for relief.

One final note. The district court was correct that Harris's notice of appeal stripped it of jurisdiction. *See United States v. Ali*, 619 F.3d 713, 722 (7th Cir. 2010). But it

did not have to deny the motion for leave to amend the complaint for that reason. It had the option to consider the motion and notify this court if it was inclined to grant it, or if the motion raised a substantial issue. *See* FED. R. CIV. P. 62.1. (Because the court had taken the "unusual step" of simultaneously dismissing an original complaint and entering judgment, *Runnion*, 786 F.3d at 521, it would essentially be construing the motion as one under Rule 59(e), *see Chaudhry*, 546 F.3d at 839.) We then could have remanded for the district court to consider in the first instance whether amendment would be futile, or to simply allow the amendment without necessitating this appeal.

For these reasons, we VACATE the judgment and REMAND with instructions to allow Harris to file an amended complaint. For clarity of the record, we note that this ruling erases, for now, the strike imposed by the district court under 28 U.S.C. § 1915(g), but if any amended complaint fails to state a claim, a strike will be incurred.